# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

JFK Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203-0506
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Boston Direct Dial:  (617) 865-3670
FAX (617) 565-3196
Website:  www.eeoc.gov

## FINAL DETERMINATION

**Charging Party**
Mark Goldstein
13706 Holton Place
Chanttilly, VA  20151

**v.**

**Respondent**
Raytheon Company
Attn.  Michael Grubbs, Senior Counsel
1151 E Hermans Road, Building 807
Tucson, AZ  85756

**RE:  EEOC Charge No. 540-2019-03585, Mark Goldstein v. Raytheon Company**

On behalf of the U.S. Equal Employment Opportunity Commission ("EEOC"), I issue the following determination on the merits of the charges filed under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").  Respondent is an employer within the meaning of ADEA and all other jurisdictional requirement have been met.

In May and August of 2019, Charging Party applied for various positions with the Respondent and alleged that he was not hired for any of the positions because of his age in violation of the ADEA.  Charging Party said he was not interviewed for any of the positions and received automated emails from the Respondent that he was not selected.

Respondent said it did not discriminate against the Charging Party for reasons including: "Raytheon [did not publish] any employment advertisement containing terms or phrases that indicate a preference based on age [and that] graduation dates and experience requirements are not tied to age," "[Charging Party] has not shown that he was qualified for any position to which he applied," "applicant's excess years of overall experience is a legitimate, nondiscriminatory reason for refusing to hire him," and "[if] Charging party had a real and present interest in employment with [the Respondent], he would not have applied for entry-level 'recent graduate' positions, especially when there were other available jobs that did not have a 'recent graduate' requirement."

EEOC's investigation revealed that Charging Party was denied the opportunity to be considered for the positions he had applied for because of his age, and not because he did not meet the minimum qualifications required for the jobs.  EEOC believe Respondent's job advertisements included language that violates the ADEA in that it indicated a hiring preference for applicants who are not in the protected age group.  As noted in 29 U.S. C., Section 623 [e].

"When help wanted notices or advertisements contain any terms and phrases such as 'age 25 to 35,' 'young,' 'college student,' 'recent college graduate,' 'boy,' 'girl,' or others of a similar nature, such a term or phrase deters the employment of older persons and is a violation of the [ADEA]."  See EEOC Notice, N-915.043.

Based on the above, the EEOC has determined that there is reasonable cause to believe that Respondent discriminated against Charging Party because of his sex in violation of Title VII.  Upon finding that there is reason to believe that violations have occurred, the EEOC attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement).  Therefore, the EEOC now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email Equal Opportunity Investigator Virginia Holmes at Virginia.Holmes@EEOC.Gov, **within 10 days from the date of this letter**.

When the Respondent declines to enter into conciliation discussions, or when the EEOC's representative for any reason is unable to secure a settlement acceptable to the EEOC, the EEOC shall so inform the parties in writing and advise them of the court enforcement alternatives available to the Charging Party, aggrieved persons, and the EEOC. The confidentiality provisions of the statute and EEOC Regulations apply to information discussed or given during conciliation.

On Behalf of the EEOC:

*Feng Kwei An, Kenneth*

Date:   March 30, 2021

Feng ("Kenneth") An
Area Director