IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>Defendants. | C.A No. 24-1169-JLH-SRF |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1.2(b), Plaintiffs respectfully submit this Notice of Supplemental Authority to apprise the Court of the recent order in *Mobley v. Workday, Inc.*, No. 23-cv-00770-RFL, 2025 U.S. Dist. LEXIS 94475 (N.D. Cal. May 16, 2025) (attached as Ex. A). In its order, the *Mobley* court granted conditional certification of and authorized the issuance of notice to a proposed collective of job applicants over the age of 40 alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), *id.*, which is pertinent to this Court's consideration of Plaintiffs' pending Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) [D.I. 92-94, 112].

In *Mobley*, the plaintiffs argue that defendant Workday, a widely used electronic job application platform, discriminates against older job applicants because its artificial intelligence ("AI")-based applicant recommendation system disproportionately disadvantages them for job

opportunities with the companies which use Workday's services.[1] 2025 U.S. Dist. LEXIS 94475, at *1-2.  The plaintiffs assert, among other things, that they have applied for hundreds of jobs via Workday "and have been rejected almost every time without an interview[.]"  *Id.* at *2.

In relevant part, the *Mobley* court concluded that the plaintiffs' proposed collective of all applicants over 40 who were denied employment recommendations by Workday's software was "similarly situated because Mobley has substantially alleged the existence of a unified policy: the use of Workday's AI recommendation system to score, sort, rank, or screen applicants[,]" and that the plaintiffs' ADEA claim was "susceptible to common proof" because, notwithstanding differences among them, including based on their relative qualifications and the fact that they applied to scores of different employers and job positions, the collective "members are alike in the central way that matters: they were allegedly required to compete on unequal footing due to Workday's discriminatory AI recommendations."  *Id.* at *2-3, 13-14.  The court further suggested that plaintiffs could meet the "more exacting 'commonality' standard" for certification of a Rule 23 class action.  *Id.* at *15 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–56 (2011)).

Moreover, the court dismissed concerns about the potential size of the collective, which Workday estimated could be in the "hundreds of millions[,]" and the purported "logistical hurdles to identifying members of the collective."  *Id.* at *3-4.  The court explained that "[a]lleged widespread discrimination is not a basis for denying notice" and ordered the parties to meet and confer to develop a notice plan which, if necessary, could include "publication notice via social media" or other types of notice to send notice to otherwise unreachable collective members.  *Id.* at *4.

---

[1] Plaintiffs here allege that Defendant RTX uses Workday with respect to job applications across all of its business units company-wide.  *See* First Amended Compl. ¶ 53.

<table>
<tr><td>

Dated: May 30, 2025


*Of Counsel*

Adam T. Klein*
Chauniqua Young*
Zarka Dsouza*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
(646) 509-2060
atk@outtengolden.com
cyoung@outtengolden.com
zdsouza@outtengolden.com

Moira Heiges-Goepfert*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(415) 729-2430
(415) 638-8810
MHG@outtengolden.com

Mikael Rojas*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Washington, DC 20005
(202) 914-0711
(202) 847-4410
mrojas@outtengolden.com

Peter Romer-Friedman*
Patrick David Lopez*
David Berman*
**PETER ROMER-FRIEDMAN LAW PLLC**
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 355-6364
peter@prf-law.com
david@prf-law.com

</td><td>

**BLOCK & LEVITON LLP**

 /s/ Kimberly A. Evans
*Kimberly A. Evans* (#5888)
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 499-3600
kim@blockleviton.com

*Counsel for Plaintiffs and the Proposed Class and Collective*

</td></tr>
</table>

Rebecca Rodgers*
Louis Lopez*
Samantha Wehrle*
Lauren Naylor*
**AARP FOUNDATION LITIGATION**
601 E Street NW
Washington, DC 20049
(202) 434-6983
rrodgers@aarp.org
llopez@aarp.org
sgerleman@aarp.org
lnaylor@aarp.org

*Admitted *Pro Hac Vice*