IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>Defendants. | C.A. No. 24-cv-01169-JLH-SRF |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority (D.I. 120, or "Notice"), regarding the recent decision in *Mobley v. Workday, Inc.*, 2025 WL 1424347 (N.D. Cal. May 16, 2025). *Mobley* is an out-of-circuit decision resting on notably different facts and legal standards. It does not advance Plaintiffs' arguments here.

In *Mobley*, members of the proposed collective were affected by a "unified policy," in that they were screened by the *same* "AI recommendation system." *See* 2025 WL 1424347, at *7. The "critical issue"—"whether that system has a disparate impact on applicants over forty"—was "susceptible to common proof" because it concerned a singular system. *Id.* at *1, *5.[1] By contrast,

---

[1] If Plaintiffs mean to imply that Defendants use Workday's AI recommendation system to review candidates, *see* Notice at 2 n.1, that is wrong. "Job applications are reviewed in the

1

the proposed collective here was (allegedly) affected by *non-uniform* practices, since Defendants' recent graduate requirements differed across job postings. *See* Defendants' Br. (D.I. 108) at 8–9.

Additionally, *Mobley* applied the Ninth Circuit's "substantial allegations" standard for conditional certification, where the "'court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence.'" 2025 WL 1424347, at *3–4. By contrast, the Third Circuit has adopted a more stringent "modest factual showing" standard and has rejected the "substantial allegation" standard. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192–93 (3d Cir. 2011). That the *Mobley* collective cleared the Ninth Circuit's lower bar does not help Plaintiffs to meet their evidentiary burden here.

Plaintiffs have also defined the proposed collective as individuals who "met the basic qualifications for such position." Plaintiffs' Br. (D.I. 93) at 17. *Mobley* looked past differences in individual qualifications because that was *not* a criterion of the collective. 2025 WL 1424347, at *2, *9. Here, Plaintiffs' definition would require the Court to determine individually whether each member of the proposed collective was denied or deterred based on the recent graduate requirement (and not the other basic qualifications) for each position. Defendants' Br. at 12–14.

Finally, the *Mobley* court, having already found conditional certification appropriate, declined to "withhold notice simply because" "Workday is alleged to have discriminated against a large number of applicants" and "it will be difficult to identify individual putative members." 2025 WL 1424347, at *6, *11. Here, conditional certification of Plaintiffs' large and unwieldy collective is improper because it contains plainly dissimilar applicants, including applicants like

---

first instance by recruiting staff," who "make an initial assessment of qualifications, based on the basic and preferred qualifications of the position, and pass qualified applicants to the hiring manager for further review." Schulz Decl. (D.I. 109) ¶ 7. RTX's use of other Workday services (*e.g.*, to post job openings and receive applications) is irrelevant to *Mobley*, which specifically concerns allegedly discriminatory AI systems.

Plaintiffs who "are not similarly situated to potential class members who were deterred from applying, because they *did* apply." *Rabin v. PricewaterhouseCoopers LLP*, 2018 WL 3585143, at *6 (N.D. Cal. July 26, 2018); *see* Defendants' Br. at 16–17. *Mobley* is not curative on this issue.

In summary, *Mobley* does not aid Plaintiffs' arguments for conditional certification.

Respectfully submitted,

OF COUNSEL:

Jason C. Schwartz*
Naima L. Farrell*
Alex Bruhn*
Samuel Z. Whipple*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com

*\* Admitted Pro Hac Vice*

Date: June 13, 2025

/s/ Brian M. Rostocki
Brian M. Rostocki (Bar No. 4599)
John T. Miraglia (Bar No. 6682)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com
jmiraglia@reedsmith.com

*Attorneys for Defendants*