# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>Defendants. | C.A. No. 24-cv-01169-JLH-SRF |

## DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR COURT-AUTHORIZED NOTICE

Date: September 18, 2025

OF COUNSEL:

Jason C. Schwartz*
Naima L. Farrell*
Alex Bruhn*
Samuel Z. Whipple*
Andrew G. Barron*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com
abarron@gibsondunn.com
* *Admitted Pro Hac Vice*

Brian M. Rostocki (#4599)
John T. Miraglia (#6682)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com
jmiraglia@reedsmith.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

    I.     The Court Should Dismiss Plaintiffs' Discriminatory Advertising Claims Instead of Uncritically Accepting the EEOC's Interpretation of the ADEA. ........ 2

    II.    The Court Should Dismiss Plaintiffs' Disparate Treatment Claims Under Binding Precedent. ....................................................................................... 5

    III.   The Court Should Dismiss the California State Law Claims Because the Statute Authorizes Defendants' Conduct. ............................................................... 8

    IV.   The Court Should Fully Adjudicate Defendants' Arguments Against Conditional Certification. ...................................................................................... 8

CONCLUSION ................................................................................................................... 10

CERTIFICATION .............................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arafat v. School Board of Broward County*,
  549 F. App'x 872 (11th Cir. 2013) ..................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................6

*Babb v. Wilkie*,
  589 U.S. 399 (2020) ........................................................................................................3

*Boyd v. City of Wilmington*,
  943 F. Supp. 585 (E.D.N.C. 1996) ..................................................................................4

*Bramble v. Wal-Mart Stores, Inc.*,
  2011 WL 1389510 (E.D. Pa. Apr. 12, 2011) ...................................................................9

*Brennan v. Paragon Emp. Agency, Inc.*,
  356 F. Supp. 286 (S.D.N.Y. 1973) ..................................................................................4

*Clark v. A&L Homecare & Training Ctr., LLC*,
  68 F.4th 1003 (6th Cir. 2023) ........................................................................................10

*EEOC v. City of Long Branch*,
  866 F.3d 93 (3d Cir. 2017) ..............................................................................................2

*Grossmann v. Dillard Dep't Stores, Inc.*,
  109 F.3d 457 (8th Cir. 1997) ..........................................................................................7

*Gyda v. FBI Crime Laboratory*,
  2015 WL 4077009 (E.D. Pa. July 6, 2015) .....................................................................7

*Hazen Paper Co. v. Biggins*,
  507 U.S. 604 (1993) ............................................................................................2, 3, 5, 6

*Heath v. Google Inc.*,
  215 F. Supp. 3d 844 (N.D. Cal. 2016) ............................................................................9

*Hodgson v. Approved Personnel Serv., Inc.*,
  529 F.2d 760 (4th Cir. 1975) ..........................................................................................4

*Kenny v. Univ. of Del.*,
  2018 WL 1022576 (D. Del. Feb. 22, 2018) ....................................................................6

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024) ........................................................................................................4

*Mobley v. Workday, Inc.*,
  2025 WL 1424347 (N.D. Cal. May 16, 2025) ................................................................9

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Morisky v. Pub. Serv. Elec. & Gas Co.*,
 111 F. Supp. 2d 493 (D.N.J. 2000) ..................................................................................9

*Richards v. Eli Lilly & Co.*,
 __ F. 4th __, 2025 WL 2218500 (7th Cir. Aug. 5, 2025) ..............................................10

*Skidmore v. Swift & Co.*,
 323 U.S. 134 (1944) ........................................................................................................4

*Stouffer v. Union R.R. Co.*,
 85 F.4th 139 (3d Cir. 2023) .............................................................................................7

*Swales v. KLLM Transport Servs., LLC*,
 985 F.3d 430 (5th Cir. 2021) .........................................................................................10

*Symczyk v. Genesis HealthCare Corp.*,
 656 F.3d 189 (3d Cir. 2011) ............................................................................................9

*Villanueva-Bazaldua v. TruGreen Ltd. Partners*,
 479 F. Supp. 2d 411 (D. Del. 2007) ..............................................................................10

**Statutes**

28 U.S.C. § 636(b)(1) ............................................................................................................2

28 U.S.C. § 1367(c)(3) ..........................................................................................................8

29 U.S.C. § 623(e) ............................................................................................................2, 3

Cal. Gov't Code § 12940(a)(5)(A) .....................................................................................2, 8

**Rules**

Fed. R. Civ. P. 72(b)(3) .........................................................................................................2

**Regulations**

29 C.F.R. § 1625.4(a) ........................................................................................................3, 4

Defendants RTX Corporation ("RTX"), Raytheon Company, Pratt & Whitney, Collins Aerospace, Rockwell Collins, Inc., and ARINC Inc. respectfully object to the below identified portions of the Report and Recommendation ("R&R"), dated September 4, 2025.  D.I. 127.

## INTRODUCTION

Plaintiffs Mark Goldstein, Ducamp Beaulieu, and John Bryan—each with substantial work experience—may have been qualified for many jobs with Defendants.  But rather than pursue positions aligned with their professional backgrounds, they applied for entry-level jobs designed for candidates with limited experience.  When they were not selected, Plaintiffs alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and various state laws, claiming that Defendants' practice of hiring recent graduates or applicants with less than two years of experience for certain entry-level jobs constituted unlawful bias.  D.I. 68 (First Am. Compl., or "FAC").  Defendants moved to dismiss.  D.I. 82.  Meanwhile, Plaintiffs moved for court-authorized notice (also known as conditional certification) to a nationwide collective, D.I. 92, which they estimate could include "tens of thousands" of opt-in claimants, FAC ¶ 41.

The R&R recommends allowing Plaintiffs' discriminatory advertising and disparate treatment claims under the ADEA and related state laws to proceed, despite clear legal barriers to those claims.  If accepted, the ensuing order would upend lawful hiring practices used by employers nationwide, including the Equal Employment Opportunity Commission itself ("EEOC") and a Judge in this District.  The ADEA requires no such result.  The R&R also recommends that the Court conditionally certify the remaining ADEA claims (though for a narrower collective than Plaintiffs proposed).

The R&R contains several legal errors, but Defendants focus their objections on four.  *First*, Plaintiffs' discriminatory advertising claims should be dismissed because they turn on the EEOC's erroneous interpretation of the ADEA, which is not entitled to deference.  *Second*,

1

Plaintiffs' disparate treatment claims should be dismissed because the ADEA and similar state laws permit hiring based on experience.  **Third**, Plaintiffs' California Fair Employment and Housing Act ("FEHA") claim should be dismissed because the statute expressly permits employers to recruit and hire from "high schools, colleges, universities or trade schools," Cal. Gov't Code § 12940(a)(5)(A).  **Fourth**, the Court should adjudicate additional arguments that Defendants raised against conditional certification.

## ARGUMENT

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).[1]

### I. The Court Should Dismiss Plaintiffs' Discriminatory Advertising Claims Instead of Uncritically Accepting the EEOC's Interpretation of the ADEA.

The ADEA prohibits advertisements for employment that "indicat[e] any preference, limitation, specification, or discrimination, based on age." 29 U.S.C. § 623(e).  Job postings that indicate a preference for younger applicants violate the statute (say, "octogenarians need not apply"), but postings that seek attributes "correlated with age" do not. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) ("[I]t is incorrect to say that a decision based on years of service is necessarily 'age based.'").  That is because age is "analytically distinct" from characteristics like years of work experience, so "an employer can take account of one while ignoring the other." *Id.*

---

[1] The *de novo* standard applies to all portions of the R&R to which Defendants object, including as to conditional certification.  Though conditional certification is a nondispositive matter, the R&R styled this ruling as a recommendation to the Court. R&R at 2, 27–28.

Plaintiffs do not allege that Defendants' job postings contain any express reference to age. Yet the R&R recommends sustaining Plaintiffs' discriminatory advertisement claim, explaining that Plaintiffs need only allege Defendants' job postings "discriminate based on age by restricting applicants to recent graduates or individuals with limited work experience." R&R at 12. The R&R relies entirely on the EEOC's view, expressed via regulation and administrative letters, that "advertisements may not contain terms and phrases that limit or deter the employment of older individuals" and that terms such as "college student," "recent college graduate . . . or others of a similar nature violate the [ADEA]." R&R at 12–13 (quoting 29 C.F.R. § 1625.4(a)). But the R&R never addresses Defendants' central argument: that this portion of the EEOC's regulation is untethered from the statutory text and ignored by the EEOC in its own hiring efforts.

Under the EEOC's regulation, the mere inclusion of "college student" and "recent college graduate" in a job posting violates the ADEA, regardless of why an employer uses those phrases. The EEOC's interpretation relieves plaintiffs of alleging "but-for" causation between age and challenged job descriptions—a necessary requirement under the statute. *Babb v. Wilkie*, 589 U.S. 399, 405–06 (2020) (interpreting the phrase "based on age" in a sister ADEA provision as "requir[ing] that age be a but-for cause" of the employer's action). Put differently, the ADEA's advertising provision prohibits age from being the but-for cause of "any preference, limitation, specification, or discrimination" in a job posting, 29 U.S.C. § 623(e), but the EEOC's regulation creates an "analytically distinct" prohibition on indicating a preference for inexperienced applicants. *Hazen*, 507 U.S. at 611. That matters here because Plaintiffs only challenge job postings that seek applicants with limited experience—a characteristic that is, at worst (and only in some cases), merely "correlated with age." *Id.*

The R&R does not conduct any independent statutory analysis and instead cites the

3

EEOC's view as authoritative.  That uncritical acceptance of the EEOC's regulation cannot be squared with the overruling of *Chevron* deference.  *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01 (2024) ("[A]gencies have no special competence in resolving statutory ambiguities.  Courts do.").  And courts rejected the EEOC's disjointed interpretation even before the Supreme Court overruled *Chevron*.  *See Brennan v. Paragon Emp. Agency, Inc.*, 356 F. Supp. 286, 288–89 (S.D.N.Y. 1973), *aff'd*, 489 F.2d 752 (2d Cir. 1974) (dismissing ADEA claim based on job advertisements seeking college students and "June graduates").  The R&R correctly notes that *Brennan* is not binding.  R&R at 13.  But the only other case the R&R cites on this point is a nonbinding, pre-*Hazen* case that is less factually analogous.  *See* R&R at 13 (citing *Hodgson v. Approved Personnel Serv., Inc.*, 529 F.2d 760, 766 (4th Cir. 1975)); *but see Boyd v. City of Wilmington*, 943 F. Supp. 585, 591 (E.D.N.C. 1996) (declining to extend *Hodgson* because the advertisements sought recent graduates but "did not provide any detail or information about the employment," unlike Defendants' postings).[2]

Nor does the R&R evaluate whether the EEOC's regulation has "the power to persuade." *Loper Bright*, 603 U.S. at 388 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).  It does not.  The EEOC's own job advertisements, such as those for its "Recent Graduates Program," target "individuals who recently graduated from qualifying educational institutions."  D.I. 83-11 (Ex. 11); *see also* D.I. 83-12 (Ex. 12).  The EEOC's instruction to "do as I say, but not as I do" has legal significance given that "consistency" in agency interpretation is a key factor in assessing whether a regulation has the "power to persuade."  *See Loper Bright*, 603 U.S. at 388.  The practical

---

[2] The R&R also notes that *Brennan* "is inconsistent with 29 C.F.R. § 1625.4(a), which went into effect in 2007." R&R at 13.  But the regulation analyzed in *Brennan* is materially similar to 29 C.F.R. § 1625.4(a).  The change in enumeration is explained by the transfer of ADEA enforcement power from the Department of Labor to the EEOC in 1979.

4

consequence of the EEOC's interpretation cannot be understated. Absent modification of the R&R, "no employer really could advertise for entry level positions because [those postings] would automatically exclude older folks who presumably have been out in the workforce and have a lot of experience." D.I. 126 (July 22, 2025 Hr'g Tr.) 38:18–21. The mere inclusion of the phrase "recent college graduate" in a job advertisement would subject any employer in the country to discovery.[3] Such a result conflicts with the text of the ADEA, binding precedent, and common sense. The Court should modify the R&R to dismiss Plaintiffs' discriminatory advertising claim.

## II. The Court Should Dismiss Plaintiffs' Disparate Treatment Claims Under Binding Precedent.

The R&R concludes that Plaintiffs "plausibly [allege] that age was the motivating factor for Defendants' rejection of [their] applications." R&R at 15. But that conclusion runs against *Hazen*—a binding decision that is not cited in the R&R. The plaintiff there was terminated right before he had enough years of experience for his pension to vest, so he sued his former employer for age discrimination. *Hazen*, 507 U.S. at 606–07. He made the same argument that Plaintiffs do here: that "an employer violates the ADEA by acting on the basis of a factor, such as . . . seniority, that is empirically correlated with age." *Id.* at 608. The Court rejected that proposition, holding that the ADEA does not prohibit employment decisions "wholly motivated by factors other than age, . . . even if the motivating factor is correlated with age." *Id.* at 611. Rather than heed *Hazen*'s warning, the R&R finds that Plaintiffs stated a disparate treatment claim because "recent graduates are likely to be younger applicants" given that, according to Plaintiffs, "95% of college graduates are under 40 years of age." R&R at 15–16 (quoting FAC ¶ 234). The R&R thus

---

[3]  This includes, for example, Judge Andrews of this District, who "is one of many United States district judges who advertises clerkships in exactly the same perfectly lawful way, seeking immediately recent graduates from the then current year of law school." July 22, 2025 Hr'g Tr. 13:12–15.

5

impermissibly conflates statistical correlation with motivation.

To be sure, Plaintiffs need not prove but-for causation at the pleading stage. R&R at 16 (citing *Kenny v. Univ. of Del.*, 2018 WL 1022576, at *5 (D. Del. Feb. 22, 2018)). But they must still plead facts that, if true, "show [they] suffered from age discrimination." *Kenny*, 2018 WL 1022576, at *5. Plaintiffs have not done so. Take Plaintiffs' allegation "that applicants were required to provide age-related data, such as the year and month of graduation and academic transcripts." R&R at 15 (quoting FAC ¶ 232). Routine requests for transcripts and diplomas do not plausibly suggest that age "actually motivated" Plaintiffs' rejections because that information concerns "analytically distinct" characteristics like education and experience level. *Hazen*, 507 U.S. at 610–11. Though Plaintiffs contend this information was used to "screen out" applicants, FAC ¶ 232, that allegation—even if true—would only establish that Defendants prefer *inexperienced* applicants, not younger ones, for certain entry-level roles. And what remains of Plaintiffs' allegations, such as the assertion (based only on "information and belief") that Defendants "prefer to hire younger workers," FAC ¶ 234, are far too conclusory to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The R&R gives short shrift to the majority of courts across the country that have rejected disparate treatment claims based on an employer's recruitment of recent college graduates. Consider *Arafat v. School Board of Broward County*, 549 F. App'x 872 (11th Cir. 2013), a decision left unaddressed by the R&R. There, the Eleventh Circuit affirmed the dismissal of an ADEA claim where an employer said that they "prefer[] fresh graduates." *Id.* at 875. The panel reasoned that such a statement simply "expressed a preference regarding experience rather than age" and thus could not "support a plausible inference of intentional discrimination." *Id.* After all, "an employer may *encourage the hiring of recent graduates* without running afoul of the ADEA." *Id.*

6

(emphasis added).  And in *Gyda v. FBI Crime Laboratory*, 2015 WL 4077009 (E.D. Pa. July 6, 2015), the Eastern District of Pennsylvania dismissed an ADEA discriminatory treatment claim that required applicants to have received their doctorate degree within five years of their intended start date.  *Id.* at *4.  True, that plaintiff "failed to allege he applied for the position." R&R at 15.  But the court separately held that the mere identification of a recent graduation requirement "fail[s] to allege discriminatory animus" because nothing suggests that "age—and not other considerations, such as familiarity with learned subject-matter—motivated the [employer's] eligibility requirement." *Gyda*, 2015 WL 4077009, at *4.

Other cases arrive at the same common-sense conclusion, yet the R&R categorically discounts them as irrelevant because they were "rendered on a motion for summary judgment or post-jury verdict."  R&R at 15.  But the Third Circuit has expressly authorized courts, at the pleading stage, to "look[] to cases decided in a different procedural posture for guidance." *Stouffer v. Union R.R. Co.*, 85 F.4th 139, 146 (3d Cir. 2023) (affirming dismissal of ADEA claim). Defendants cited several informative cases holding that the recruitment of recent college graduates does not reflect age discrimination.  *See, e.g.*, *Grossmann v. Dillard Dep't Stores, Inc.*, 109 F.3d 457, 459 (8th Cir. 1997) (employer's recruitment of "recent college graduates is not evidence it discriminates against older workers"); R&R at 15 n.13 (citing other cases).  This Court should consider those decisions as the Third Circuit has expressly authorized.

In sum, this Court should follow the path taken by most others and hold that the ordinary practice of recruiting recent college graduates of all ages is lawful.  And if the Court modifies the R&R to dismiss Plaintiffs' discriminatory advertising or disparate treatment claims under the ADEA, it should also dismiss the accompanying state-law advertising and disparate treatment claims, given that the parties agree the same standard applies.  *See* R&R at 17–18; D.I. 83 at 17–

7

18; D.I. 96 at 18–20.[4]

### III. The Court Should Dismiss the California State Law Claims Because the Statute Authorizes Defendants' Conduct.

Plaintiffs' claims under California law fail because a statutory safe harbor authorizes the precise conduct challenged by Plaintiffs. Section 12940(a)(5) provides that "hiring or promotion *on the basis of experience* and training . . . or *hiring under an established recruiting program from* high schools, *colleges, universities, or trade schools* do not, in and of themselves, constitute unlawful employment practices." Cal. Gov't Code § 12940(a)(5)(A) (emphases added). The R&R suggests that Plaintiffs nonetheless stated a claim because they allege that Defendants "relied on a lack of experience as a pretext to intentionally hire younger applicants." R&R at 20. But the R&R does not cite any part of the operative complaint for that proposition. And more importantly, the only allegations of intentional discrimination stem from the very conduct protected by the latter part of the statute. That is, Plaintiffs assert Defendants' recruitment of college graduates constitutes their *evidence* of intentional discrimination. FAC ¶ 111 (alleging Defendants "intentionally discriminated against older workers by establishing this recent college graduate requirement"). Because Plaintiffs provide no other non-conclusory allegations of discrimination, their California FEHA claims should be dismissed.

### IV. The Court Should Fully Adjudicate Defendants' Arguments Against Conditional Certification.

To the extent any ADEA claims survive, the Court should not conditionally certify a sprawling and diverse nationwide collective, as the R&R recommends. The job postings at issue varied on how they defined recency (e.g., graduation within 12 or 24 months) and on other basic qualifications (e.g., particular concentrations or coursework)—which will necessitate an individual

---

[4] Further, if the Court dismisses each of Plaintiffs' ADEA claims, the Court may decline supplemental jurisdiction over any remaining state claims. 28 U.S.C. § 1367(c)(3); FAC ¶ 18.

8

evaluation of each resume against each job posting, just to develop the notice list. D.I. 108 at 8–9, 12–14. "The individual nature of the inquiry required make[s] collective treatment improper." *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 499 (D.N.J. 2000).

Defendants showed with evidence that they hire significant numbers of employees age 40 and older for "recent graduate" positions, proving another point of variance: that applicants within the protected age group *can* be recent graduates. D.I. 110 (McKnight Decl.) ¶ 10. But the R&R declined to consider that evidence, mistakenly relying on a Ninth Circuit rule that prohibits consideration of evidence from the defendant at this stage. R&R at 23–24 (citing *Heath v. Google Inc.*, 215 F. Supp. 3d 844 (N.D. Cal. 2016)). In the same vein, the R&R found that Defendants must wait until "'a later stage of the case to present evidence'" that job requirements and hiring decisions are established by local hiring managers, not pursuant to any "'unified'" policy. R&R at 23 (quoting *Mobley v. Workday, Inc.*, 2025 WL 1424347, at *7 (N.D. Cal. May 16, 2025)); *see* D.I. 109 (Schulz Decl.) ¶¶ 5, 7. It would be error for the Court to rely on the Ninth Circuit's evidentiary rules, given that the Third Circuit has rejected its conditional certification standard. Courts in the Ninth Circuit "require little more than substantial allegations [of similarity] supported by declarations or discovery," and "'usually rely only on the pleadings and any affidavits that have been submitted.'" *Heath*, 215 F. Supp. 3d at 850–51. By contrast, the Third Circuit considered a "'substantial allegation'" rule and rejected it head-on in favor of a "modest factual showing." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192–93 (3d Cir. 2011). While an employer's evidence may not be germane to the Ninth Circuit test based principally on allegations, it *is* relevant to whether Plaintiffs have made their required factual showing under the Third Circuit's test. *See, e.g.*, *Bramble v. Wal-Mart Stores, Inc.*, 2011 WL 1389510, at *5 n.6 (E.D. Pa. Apr. 12, 2011) (where "defendant has also presented contrary declarations . . . 'it is appropriate to examine

9

all of the relevant evidence'"); *Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 416 (D. Del. 2007) (considering declarations submitted by employer's representatives).

Because the proposed collective is so varied, Defendants also asked the Court to consider whether a heightened showing of similarity is appropriate. D.I. 108 at 5–6. The R&R only required Plaintiffs to make a "'modest factual showing.'" R&R at 21. To be sure, this is the historical approach in the Third Circuit, and Defendants tailored most of their arguments to that standard. However, the R&R did not consider that the Fifth and Sixth Circuits recently have announced elevated, fact-specific standards to be applied at the outset of the case. *Swales v. KLLM Transport Servs., LLC*, 985 F.3d 430, 441 (5th Cir. 2021) (courts "should identify . . . what facts and legal considerations will be material" and "authorize preliminary discovery"); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) (plaintiffs must show a "strong likelihood" of similarity). After oral argument in this case, the Seventh Circuit followed suit. *Richards v. Eli Lilly & Co.*, __ F. 4th __, 2025 WL 2218500, at *7 (7th Cir. Aug. 5, 2025) (court should make an "assessment of the factual dispute," and may order "limited and expedited discovery"). The clear trend among the circuits is to require a more thorough factual showing *before* notice is issued. But the Third Circuit has not substantively examined its two-step process post-*Swales*. Defendants submit that this case, with its highly individualized criteria for the collective, merits a closer look at whether Plaintiffs and the proposed collective are, in fact, similar.

Defendants ask the Court to adjudicate these legal and factual arguments in the first instance and to deny conditional certification.

## CONCLUSION

The Court should modify the R&R to dismiss Plaintiffs' ADEA discriminatory advertising and disparate treatment claims, along with the state-law claims. The Court should also reject Plaintiffs' motion for court-authorized notice.

Respectfully submitted,

OF COUNSEL:

Jason C. Schwartz*
Naima L. Farrell*
Alex Bruhn*
Samuel Z. Whipple*
Andrew G. Barron*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com
abarron@gibsondunn.com
* *Admitted Pro Hac Vice*

Date: September 18, 2025

/s/ *Brian M. Rostocki*
Brian M. Rostocki (#4599)
John T. Miraglia (#6682)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com
jmiraglia@reedsmith.com

*Attorneys for Defendants*

11

## CERTIFICATION

Pursuant to Paragraph 5 of the Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, I certify that these objections do not raise new legal or factual arguments.

OF COUNSEL:

Jason C. Schwartz*
Naima L. Farrell*
Alex Bruhn*
Samuel Z. Whipple*
Andrew G. Barron*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com
abarron@gibsondunn.com
* *Admitted Pro Hac Vice*

Date: September 18, 2025

/s/ Brian M. Rostocki
Brian M. Rostocki (#4599)
John T. Miraglia (#6682)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com
jmiraglia@reedsmith.com

*Attorneys for Defendants*