# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>       Defendants. | C.A. No. 24-1169-JLH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND <u>PLAINTIFFS' MOTION FOR COURT-AUTHORIZED NOTICE</u>**

*Of Counsel:*
Adam T. Klein*
Chauniqua Young*
Zarka Dsouza*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000

Mikael Rojas*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Washington DC 20005
(202) 914-5097

Kimberly A. Evans (#5888)
**BLOCK & LEVITON LLP**
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 499-3600
kim@blockleviton.com

*Counsel for Plaintiffs and the Proposed Class Collective*

Moira Heiges-Goepfert*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(415) 638-8800

Peter Romer-Friedman*
Patrick David Lopez*
David Berman*
**PETER ROMER-FRIEDMAN LAW PLLC**
1629 K Street, NW, Suite 300
Washington, DC 20006
(202) 355-6364

Rebecca Rodgers*
Louis Lopez*
Samantha Wehrle*
Lauren Naylor*
**AARP FOUNDATION LITIGATION**
601 E Street, NW
Washington, DC 20049
(202) 434-6983

*Admitted Pro Hac Vice*

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.      The Court Should Affirm the Refusal to Dismiss Plaintiffs' Advertising Claim. ... 1

    II.     The Court Should Affirm Plaintiffs' Disparate Treatment Claim. .......................... 4

    III.    The R&R Correctly Found Plaintiffs Adequately Alleged California Law Claims.6

    IV.    The Court Should Affirm the R&R's Grant of Conditional Certification. ............. 7

          A.     Defendants' Purported Evidence of Individualized Differences Among Collective Members Does Not Preclude Notice. ....................................... 8

          B.     The R&R Applied the Correct Legal Standard. .......................................... 9

CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Arafat v. School Board of Broward County*,
   549 F. App'x 872 (11th Cir. 2013) .......................................................................................... 6

*Archer v. Defs., Inc.*,
   No. 18 Civ. 470, 2018 WL 5962470 (D. Del. Nov. 14, 2018) ................................................ 9

*Babb v. Wilkie*,
   589 U.S. 399 (2020) ................................................................................................................ 3

*Bowser v. Empyrean Servs., LLC*,
   324 F.R.D. 346 (W.D. Pa. 2018) ............................................................................................. 9

*Boyd v. City of Wilmington*,
   943 F. Supp. 585 (E.D.N.C. 1996) .......................................................................................... 4

*Brennan v. Hughes Pers. Inc.*,
   No. 7569-A, 1974 WL 211 (W.D. Ky. May 22, 1974) .................................................... 2, 3, 4

*Brennan v. Paragon Emp. Agency, Inc.*,
   356 F. Supp. 286 (S.D.N.Y. 1973) .......................................................................................... 4

*Burrell v. Lackawanna Recycling Ctr., Inc.*,
   No. 14 Civ. 1891, 2024 WL 2055003 (M.D. Pa. May 6, 2024) .............................................. 9

*Charles v. Progressions Beh. Health Servs.*,
   No. 17 Civ. 2439, 2018 WL 4924196 (E.D. Pa. Oct. 9, 2018) ............................................... 9

*EEOC v. State of Ariz., Dep't of Admin.*,
   824 F. Supp. 898 (D. Ariz. 1991) ............................................................................................ 2

*Fitch v. Giant Eagle, Inc.*,
   No. 18 Civ. 1534, 2021 U.S. Dist. LEXIS 33416 (W.D. Pa. Feb. 23, 2021) .................... 9, 10

*Goodman v. Burlington Coat Factory*,
   No. 11 Civ. 4395, 2012 WL 5944000 (D.N.J. Nov. 20, 2012) ............................................... 9

*Halle v. W. Penn Allegheny Health Sys. Inc.*,
   842 F.3d 215 (3d Cir. 2016) .............................................................................................. 8, 10

*Hazen Paper Co. v. Biggins*,
   507 U.S. 604 (1993) ............................................................................................................ 3, 5

*Hodgson v. Approved Personnel Servs., Inc.*,
    529 F.2d 760 (4th Cir. 1975) ............................................................................... 2, 3, 4

*Host Int'l, Inc. v. MarketPlace, PHL, LLC*,
    32 F.4th 242 (3d Cir. 2022) ........................................................................................ 6

*Karlo v. Pittsburgh Glass Works, LLC*,
    849 F.3d 61 (3d Cir. 2017) ......................................................................................... 9

*Kaynaroglu v. Avis Budget Grp.*,
    773 F. Supp. 3d 169 (D.N.J. Mar. 27, 2025) ........................................................... 10

*Kleber v. Carefusion Corp.*,
    No. 15 Civ. 1994, 2015 WL 7423778 (N.D. Ill. Nov. 23, 2015) ............................... 5

*Sterry v. Safe Auto Ins. Co.*,
    No. 02 Civ. 1271, 2003 WL 23412974 (S.D. Ohio Aug. 25, 2003) .......................... 5

*Stouffer v. Union R.R. Co.*,
    85 F.4th 139 (3d Cir. 2023) ........................................................................................ 6

*United States v. AION Mgmt.*,
    No. 23 Civ. 742, 2025 WL 843620 (D. Del. Mar. 18, 2025) .................................... 3

*United States v. Milchin*,
    128 F.4th 199 (3d Cir. 2025) ...................................................................................... 2

*United States v. Yung*,
    37 F.4th 70 (3d Cir. 2022) .......................................................................................... 2

**STATUTES**

28 U.S.C. § 636 ..................................................................................................................... 7

29 U.S.C. § 623 ............................................................................................................. 2, 3, 4

29 U.S.C. § 633 ..................................................................................................................... 4

Cal. Gov't Code § 12940 ................................................................................................... 6, 7

**REGULATIONS**

29 C.F.R. § 1625.4 ........................................................................................................ 2, 3, 4

**FEDERAL RULES**

Fed. R. Civ. P. 72................................................................................................................ 7

# INTRODUCTION

Since at least 2018, RTX, its predecessor entities, and their subsidiaries and business units ("Defendants" or "RTX") have engaged in a centralized, nationwide, and uniform practice of excluding nearly all older workers from being hired or even considered for many well-paid jobs—namely by requiring applicants to be recent college graduates or graduates with less than a year or two of work experience. In 2021, the Equal Employment Opportunity Commission ("EEOC") found that Defendants had violated the Age Discrimination in Employment Act's ("ADEA") bar on publishing job ads that indicate a preference based on age, and the same practices meant that Defendants had intentionally discriminated against Plaintiff Goldstein because of his age.

Because Defendants continued these blatant ADEA violations, Plaintiffs filed this lawsuit. *See* D.I. 68 ¶¶ 14-15. Like the EEOC, Judge Fallon held that Defendants' job ads and practices plausibly indicated an unlawful preference for younger workers and constituted intentional discrimination, and conditionally certified a collective of older applicants to Recent Graduate Positions with Defendants as defined in Plaintiff's Conditional Certification Motion. As Plaintiffs explain below, this Court should reject Defendants' objections to the R&R, as the R&R's relevant holdings are based on well-established precedent, and the detailed allegations set forth in Plaintiffs' 351-paragraph Complaint.

# ARGUMENT

**I.     The Court Should Affirm the Refusal to Dismiss Plaintiffs' Advertising Claim.**

The Court should reject Defendants' objection to the R&R's denial of their motion to dismiss Plaintiffs' ADEA § 623(e) claim, which Plaintiffs agree should be reviewed *de novo*.

*First*, Defendants claim the R&R's and the EEOC's interpretation of § 623(e) is untethered from its text. Defs.' Obj. at 2-3. To the contrary, Defendants' novel and narrow construction contravenes § 623(e)'s broad text, which makes it unlawful for employers to "print or publish . . . any

1

notice or advertisement relating to employment . . . indicating any preference, limitation, specification, or discrimination, based on age." 29 U.S.C. § 623(e). Defendants read this text to only bar ads that that contain an "express reference to age." Defs.' Obj. at 2-3 ("octogenarians need not apply" as a potential violation); D.I. 83 at 19 (Plaintiffs do not allege "positions are limited to individuals under age 40"). But that is not the law Congress enacted. Instead, the ADEA broadly bans ads "indicating any preference . . . or discrimination, based on age," 29 U.S.C. § 623(e).[1]

Federal courts and the EEOC have properly concluded that this broad text bars more than ads expressly stating a desired age, especially ads using terms like "recent college graduates" to indicate a preference or discrimination in favor of young people. *Hodgson v. Approved Personnel Servs., Inc.*, 529 F.2d 760, 763-66 (4th Cir. 1975); *Brennan v. Hughes Pers. Inc.*, No. 7569-A, 1974 WL 211, at *3 (W.D. Ky. May 22, 1974); *EEOC v. State of Ariz., Dep't of Admin.*, 824 F. Supp. 898, 900 (D. Ariz. 1991); 29 C.F.R. § 1625.4(a). Indeed, the EEOC applied § 623(e)'s text the same way *in this case* holding that Defendants' "ad[s] seeking recent college graduates were discriminatory." *See* D.I. 127 ("R&R") at 12; D.I. 68 ¶ 108.

*Second*, the R&R did not rely solely on the EEOC's regulation to find the § 623(e) claim plausible. Instead, it followed the Fourth Circuit's plain reading of the statute to conclude that since "[m]ost 'recent graduates' are composed of young people" preferring or limiting jobs to "recent graduates" is "not merely informational" but also "operates to discourage the older job hunter from seeking that particular job and denies them an actual job opportunity.'" R&R at 13 (quoting *Hodgson*,

---

[1] Adopting Defendants' extremely narrow reading of § 623(e) to interpret "indicat[ing] any preference . . . or discrimination, based on age" to mean a "specification . . . based on age," requires this Court to disregard the canon that "where Congress uses different words, [courts] read those words to have different meanings," *United States v. Yung*, 37 F.4th 70, 79 (3d Cir. 2022), and the "canon against surplusage," because it would "render" three of the four prohibitions in § 623(e) "meaningless." *United States v. Milchin*, 128 F.4th 199, 202 (3d Cir. 2025) (cleaned up).

2

529 F.2d at 766). Significantly, Defendants' ads are even more exclusionary than those found unlawful in *Hodgson* for stating that the employer "[p]refer[s] recent college grad[s]." 529 F.2d at 766. Defendants do not just *prefer* recent graduates; they *require* applicants to be recent graduates as a primary eligibility criterion. D.I. 68 ¶¶ 4, 8-11, 67, 80, 188. The R&R thus properly held "Defendants' job postings and advertisements discriminate based on age by restricting applicants to recent graduates or individuals with limited work experience." R&R at 12.

*Third*, Defendants have not identified a single case adopting their novel rule that an ad must expressly reference age to violate § 623(e). Instead, they improperly rely on cases like *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) and *Babb v. Wilkie*, 589 U.S. 399 (2020), involving *intentional discrimination* under § 623(a) rather than § 623(e) advertising claims. Defs.' Obj. at 2-3. Unlike in intentional discrimination cases, courts applying § 623(e) have *not* focused on the employer's *intentions*, but instead on what the ad *communicates* to a reader. *See Hodgson*, 529 F.2d at 766. Nor have they applied a "but for" causation standard, as a § 623(e) violation occurs when the ad is published. *See id.*; *Brennan*, 1974 WL 211, at *3; 29 U.S.C. § 623(e). That is why courts typically apply an ordinary reader standard to decide whether an ad indicates a preference under federal civil rights laws. *United States v. AION Mgmt.*, No. 23 Civ. 742, 2025 WL 843620, at *9-11 (D. Del. Mar. 18, 2025) (cited by R&R at 13 n.12). Critically, Defendants failed to identify a single case supporting dismissal of a § 623(e) claim on a motion to dismiss, despite Judge Fallon's express request for such authority. R&R at 13-14 (noting that in RTX's first case, the defendant was not an employer under the ADEA and the second did not even include a job ad).

*Fourth*, they fault the R&R for not analyzing the level of deference to give the EEOC's § 623(e) regulation, 29 C.F.R. § 1625.4(a). Defs.' Obj. at 4. But Plaintiffs did not claim *Chevron* applies, D.I. 96 at 20, and the R&R plainly found the EEOC's regulation consistent with § 623(e), as courts have

3

routinely found when applying *Skidmore* deference. R&R at 12-13 (citing *Hodgson*, 529 F.2d at 766); *Brennan*, 1974 WL 211, at *3 (rule valid under *Skidmore*).[2] Moreover as described above, the EEOC's rule that job ads containing a preference for "recent college graduate[s]" indicate an age-based preference is consistent with § 623(e)'s text.

*Finally*, the R&R properly rejected RTX's claim that the sky will fall if employers must follow the simple job ad rule that courts and the EEOC have applied since the 1970s. Nearly all employers have faithfully followed § 623(e). That RTX chose to ignore the law—long after the EEOC found its ads violated § 623(e)—is RTX's self-made problem. This Court should not break from over 50 years of cases and enforcement based on RTX's radical, atextual view of § 623(e).[3]

## II. The Court Should Affirm Plaintiffs' Disparate Treatment Claim.

This Court should also affirm the R&R's holding that Plaintiffs stated a plausible disparate treatment claim. As the R&R correctly held, each Plaintiff amply alleged *all* the elements of a disparate treatment claim: "(1) he is a member of the protected class (i.e. at least forty years old); (2) he applied for a position for which he was qualified; (3) his application was rejected; and (4) the rejection was

---

[2] Defendants identified a single case rejecting the EEOC's regulation, but that was a *pro se* case, where the ADEA did not cover the defendant, and the court's departure from 29 C.F.R. § 1625.4(a) was solely in dicta and not supported by any explanation. *See Brennan v. Paragon Emp. Agency, Inc.*, 356 F. Supp. 286, 288-89 (S.D.N.Y. 1973). Defendants' reliance on *Boyd v. City of Wilmington*, 943 F. Supp. 585 (E.D.N.C. 1996) is also misplaced because *Boyd* considered the EEOC's regulation to be valid and only rejected the claim because, taken in context, the ads at issue merely communicated specialized "educational requirements for the position." *Id.* at 591.

[3] This Court should also disregard Defendants' frivolous and irrelevant argument that federal judges or the EEOC will be sued for violating § 623(e). The ADEA does not apply to law clerk hiring as its federal sector provision only applies to "competitive service" jobs in the "judicial branch" and law clerks are not in the competitive service. 29 U.S.C. § 633(a). Nor does the ADEA's federal sector provision contain an advertising provision like § 623(e). *See id*. Also, the positions Defendants highlight are temporary or education-based positions, which (like internships) may be subject to different legal requirements, and which Plaintiffs specifically excluded from their collective definition. D.I. 68 ¶ 188 (limiting collective to "non-internship, non-temporary position[s]"), 81-11, and 83-12.

4

motivated by discriminatory animus." R&R at 14 (citing *Gyda v. F.B.I. Crime Lab.*, No. 13 Civ. 7591, 2015 WL 4077009, at *4 (E.D. Pa. July 6, 2015) (citing *Barber v. CSX Distrib*. Serv., 68 F.3d 694, 698 (3d Cir. 1995))). Defendants do not dispute that Plaintiffs meet the first three elements. Instead, they argue that Plaintiffs failed to adequately allege discriminatory animus because, in their view, evidence of an age-based proxy can never be relied upon to prove intentional discrimination if the employer asserts non-discriminatory motives. Defs.' Obj. at 5-6.

Defendants are wrong. In the very case they cite for this supposed rule, *Hazen Paper*, the Supreme Court explained that a plaintiff *can* allege disparate treatment when they claim the employer uses a factor "as a proxy for age," as "the employer may suppose a correlation between the two factors and act accordingly." *Id.* at 612-13. That is exactly what the Complaint "plausibly alleges"—that Defendants use "recent graduate status" and "age-related data" (like the month of graduation) as "a proxy" to "screen out older applicants," knowing that nearly all recent graduates are under 40. R&R at 14-16 (quoting D.I. 68 ¶¶ 232, 234). Plaintiffs also alleged Defendants persisted in maintaining exclusionary age-based hiring criteria even after the EEOC found that their job ads violated the ADEA, further showing discriminatory animus. D.I. 68 ¶¶ 75-93.

Courts routinely follow *Hazen Paper* in finding that plaintiffs plausibly pled disparate treatment claims based on allegations that employers used recent graduate status or limited work experience as a proxy for age in hiring. *Kleber v. Carefusion Corp.*, No. 15 Civ. 1994, 2015 WL 7423778, at *2-3 (N.D. Ill. Nov. 23, 2015) (citing *Hazen Paper* in sustaining disparate treatment claim based on allegations that employer used a "cap on the amount of [] experience that applicants could possess" to "intentionally weed[] out older applicants"); *Sterry v. Safe Auto Ins. Co.*, No. 02 Civ. 1271, 2003 WL 23412974, at *14-15 (S.D. Ohio Aug. 25, 2003) (denying a motion to dismiss where plaintiff alleged the employer had policy of hiring "recent college graduates" to "effectuate intentional

5

disproportionate consideration of younger applicants").

Defendants have not identified any decisions granting a motion to dismiss disparate treatment claims where the plaintiff alleged the employer used an age-based proxy to intentionally weed out older applicants. Instead, they almost exclusively relied on summary judgment orders, and their only Rule 12 decisions were inapposite. R&R at 15. For instance, *Gyda* was dismissed "because the plaintiff failed to allege he applied for the position and was rejected." *Id.* And in *Arafat v. School Board of Broward County*, 549 F. App'x 872 (11th Cir. 2013), an unpublished order that spent just one paragraph on the ADEA claim, the only evidence of intentional bias was a "single . . . remark at a job fair that the [employer] prefers 'fresh graduate[s].'" *Id.* at 874.[4]

Finally, nothing in the R&R holds that "the ordinary practice of recruiting recent college graduates" is unlawful, as RTX claims. Defs.' Obj. at 7. What *is* unlawful is intentionally discriminating against older workers by *requiring* applicants to be recent graduates and rejecting nearly all older workers *no matter their qualifications*. D.I. 96 at 13-14; D.I. 68 ¶¶ 81-87. The R&R correctly found Plaintiffs' allegations adequate to plead disparate treatment. R&R at 15-16.

## III. The R&R Correctly Found Plaintiffs Adequately Alleged California Law Claims.

The Court should also affirm the R&R's holding that Plaintiffs plausibly pled California law claims.[5] Defendants' reliance on a purported defense under Cal. Gov't Code § 12940(a)(5) is premature and unfounded. While "hiring or promotion on the basis of experience" or "under an

---

[4] Defendants argue courts may "look[] to cases decided in a different posture for guidance," Defs.' Obj. at 7, but the very case they rely on emphasized a trial court must still "appl[y] the correct standard" under Rule 12. *Stouffer v. Union R.R. Co.*, 85 F.4th 139, 146 (3d Cir. 2023). The Court should thus reject Defendants' invitation to disregard Plaintiffs' detailed allegations and blindly accept RTX's defense of non-discriminatory motives. *Host Int'l, Inc. v. MarketPlace, PHL, LLC*, 32 F.4th 242, 248 (3d Cir. 2022) (courts "accept as true the factual allegations in the complaint").

[5] Defendants do not challenge the R&R's finding that Plaintiffs stated a discriminatory advertising claim under Cal. Gov't Code § 12940(d). The Court should affirm that claim (Count X) and Plaintiffs' disparate treatment and disparate impact claims (Counts XI-XII), as discussed *infra*.

6

established recruiting program" with specific schools "do not, *in and of themselves* constitute unlawful employment practices," Plaintiffs broadly plead *intentional discrimination*, including using age-based proxies to purposefully screen out older workers, which FEHA clearly bars. D.I. 68 ¶¶ 75-93, 325-26, 336-37; R&R at 20 (citing D.I. 90 at 20). And while § 12940(a)(5) may protect employers who select candidates with *more* experience or seniority, it offers no defense for employers who prefer applicants with less, and indeed, little or no experience (which is really just a proxy for age). R&R at 20 (citing D.I. 96 at 28 (§ 12940(a)(5) has only been applied where the employer hired applicants with *more* experience and citing *Caldrone v. Circle K Stores, Inc.*, No. 21 Civ. 749, 2023 WL 5505014, at *12 (C.D. Cal. Aug. 8, 2023))). Moreover, Plaintiffs' allegations do not hinge upon any "*established recruiting program*," but instead on RTX's exclusionary policies that render nearly all older workers categorically ineligible. Finally, even if RTX's arguments were colorable, they raise fact-based merits defenses that cannot be resolved at the pleading stage. R&R at 16 (citing *Kenny v. Univ. of Del.*, No. 17 Civ. 1156, 2018 WL 1022576, at *5 (D. Del. Feb. 22, 2018)).

## IV. The Court Should Affirm the R&R's Grant of Conditional Certification.

The R&R correctly held that court-authorized notice is proper based on evidence demonstrating that Plaintiffs and collective members were all subject to a "uniform policy of discriminatory treatment against [older] applicants for recent graduate positions" across RTX's business units and subsidiaries. R&R at 21-23 (certifying a broad collective based on definition of "Recent Graduate Positions" from Plaintiffs' Motion for Conditional Certification, which Defendants do not contest).[6] In so holding, the R&R did not solely rely on Plaintiffs' evidence, showing centralized

---

[6] RTX incorrectly argues the *de novo* standard applies to "all portions of the R&R," Defs.' Obj. at 2 n.1, but conditional certification is non-dispositive and can only be set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); D. Del. Standing Order for Objections Filed Under Fed. R. Civ. P. 72.

7

hiring practices and substantially similar discriminatory job ads. *Id*. The R&R also considered Defendants' evidence, including statements acknowledging that the company maintains "enterprise-wide" recruitment strategies and "overarching" hiring policies and a companywide practice of screening out applicants who do not meet specified job criteria, such as recent graduate requirements. *Id.*[7] Evidence of such uniform, companywide practices, easily satisfies the first-step inquiry for conditional certification, which requires only "a modest factual showing" of some "factual nexus" between the way the alleged policy impacted plaintiffs and collective members. *Halle v. W. Penn Allegheny Health Sys. Inc*., 842 F.3d 215, 224 (3d Cir. 2016).

    A.    **Defendants' Purported Evidence of Individualized Differences Among Collective Members Does Not Preclude Notice.**

Defendants argue that the R&R improperly relied on out-of-circuit authority in refusing to consider their evidence of individualized differences among job ads and applicants. Defs.' Obj. at 9-10. This is wrong. *First*, Judge Fallon expressly weighed and relied on Defendants' evidence in recommending certification. R&R at 22-23 (considering Defendants' evidence while noting that other courts have declined to do so at this stage). And Defendants identify no "clear error" in Judge Fallon's analysis, which correctly assessed the evidence to conclude that "minor differences" in the wording of Defendants' ads (*e.g.*, the variance between one and two years of maximum work experience) did not detract from the "uniform" nature or impact of the challenged policy. R&R at 22. Nor did the R&R err in certifying a collective over Defendants' claim that *some* individuals over 40 were hired for "recent graduate" jobs. Defs.' Obj. at 9. Indeed, Defendants' *own evidence* confirms their policy effectively bars the vast majority of older workers from recent graduate positions, D.I. 108 at 8 (over

---

[7] *Id.* (citing D.I. 108; D.I. 94, Ex. 11; D.I. 109 (company recruiters only passed "qualified applicants" on to hiring managers); D.I. 94-9 at 9 (Defs.' EEOC Position Stmt.) (company "reasonably sought newer graduates" for "entry-level positions")).

8

91% of hires for recent graduate jobs are under 40), and a policy need not exclude every member of the protected group to be discriminatory. *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 70 (3d Cir. 2017).

*Second*, the clear weight of authority in *this Circuit* favors deferring consideration of defenses based on individualized differences among collective members (like those raised here) until the decertification stage. *Archer v. Defs., Inc.*, No. 18 Civ. 470, 2018 WL 5962470, at *3 (D. Del. Nov. 14, 2018) (stating "courts in this Circuit regularly resolve issues of individualized inquiries at stage two of the certification process" and citing cases); *Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018) (same) (citations omitted); *Charles v. Progressions Beh. Health Servs.*, No. 17 Civ. 2439, 2018 WL 4924196, at *5 (E.D. Pa. Oct. 9, 2018) ("Courts in this Circuit . . . have generally . . . preferr[ed] to leave resolution of any factual differences to the second stage of the certification process"); *Goodman v. Burlington Coat Factory*, No. 11 Civ. 4395, 2012 WL 5944000, at *5 (D.N.J. Nov. 20, 2012) (same). In ruling on the same objection, district courts have thus readily affirmed recommendations to defer consideration of individualized defenses until decertification. *Fitch v. Giant Eagle, Inc.*, No. 18 Civ. 1534, 2021 U.S. Dist. LEXIS 33416, at *6 (W.D. Pa. Feb. 23, 2021) (magistrate judge "neither misinterpreted nor misapplied the law" in declining to resolve defendants' "merits-based defenses at the conditional certification stage") (citing cases).

### B. The R&R Applied the Correct Legal Standard.

Finally, Defendants cannot show that Judge Fallon "misinterpreted or misapplied" applicable law in adopting the "modest factual showing" standard for collective notice, as the Third Circuit "has unequivocally endorsed" the R&R's approach. *See Burrell v. Lackawanna Recycling Ctr., Inc.*, No. 14 Civ. 1891, 2024 WL 2055003, at *5-6 (M.D. Pa. May 6, 2024) (rejecting defendant's attempts to import the Fifth and Sixth Circuit's higher standards, and citing five other district court cases doing

9

the same based on "binding" Third Circuit precedent); *Halle*, 842 F.3d at 224; D.I. 108 at 11 (conceding the modest "two-step approach" is "the law of this Circuit").

In the absence of *any* intra-circuit authority supporting its position—let alone explaining how the application of binding precedent could be "contrary to law"—Defendants nevertheless ask this Court "to consider whether a heightened showing of similarity is appropriate" here. Defs.' Obj. at 10. The Court should decline Defendants' invitation to substitute a "heightened" out-of-circuit standard in place of the Third Circuit's "lenient" standard. Existing precedent prohibits it, and there is nothing extraordinary about the facts of this case to warrant such a departure on policy grounds. *Kaynaroglu v. Avis Budget Grp.*, 773 F. Supp. 3d 169, 187 (D.N.J. Mar. 27, 2025) (rejecting policy arguments that the court should apply heightened standard despite binding Circuit precedent); *see also Fitch*, 2021 U.S. Dist. LEXIS 33416, at *5-6 (dismissing objections based on the magistrate judge's failure to require plaintiffs to satisfy a "modest-plus" evidentiary burden in granting conditional certification, despite discovery having been exchanged). This case presents a particularly straightforward question for conditional certification based on the centralized, uniform policy and practice and the absence of meaningful variations among collective members (all of whom were excluded based on same policy Defendants enforced without regard to variations based on position, hiring manager, business unit or job ad). *See* D.I. 108 at 8 (to "be hired for certain entry-level positions, applicants must be 'recent graduates' of college or graduate school").

## **CONCLUSION**

For the reasons stated herein, the Court should overrule Defendants' objections to the R&R.

Dated: October 2, 2025

*Of Counsel*

Adam T. Klein*
Chauniqua D. Young*
Zarka Dsouza*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
atk@outtengolden.com
cyoung@outtengolden.com
zdsouza@outtengolden.com

Mikael Rojas*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue N.W.
Washington, D.C. 20005
(202) 914-5097
mrojas@outtengolden.com

Moira Heiges-Goepfert*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(925) 557-5622
mhg@outtengolden.com

Peter Romer-Friedman*
Patrick David Lopez*
David Berman*
**PETER ROMER-FRIEDMAN LAW PLLC**
1629 K Street, NW, Suite 300
Washington, DC 20006
(202) 355-6364
peter@prf-law.com
david@prf-law.com

**BLOCK & LEVITON LLP**

 */s/ Kimberly A. Evans*
Kimberly A. Evans (#5888)
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 499-3601
kim@blockleviton.com

*Counsel for Plaintiffs and the Proposed Class Collective*

11

Rebecca Rodgers*
Louis Lopez*
Samantha Wehrle*
Lauren Naylor*
**AARP FOUNDATION LITIGATION**
601 E Street, NW
Washington, DC 20049
(202) 434-6983
rrodgers@aarp.org
llopez@aarp.org
sgerleman@aarp.org
lnaylor@aarp.org

**Admitted Pro Hac Vice*

12