IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>Defendants. | C.A. No. 24-cv-01169-JLH-SRF |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR COURT-AUTHORIZED NOTICE**

Date: October 2, 2025

OF COUNSEL:

Jason C. Schwartz*
Naima L. Farrell*
Alex Bruhn*
Samuel Z. Whipple*
Andrew G. Barron*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com
abarron@gibsondunn.com
*Admitted Pro Hac Vice*

Brian M. Rostocki (#4599)
John T. Miraglia (#6682)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com
jmiraglia@reedsmith.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.      The R&R Properly Recommended Dismissal of the Non-RTX Defendants.......... 1

          a.     The Common Discriminatory Scheme Exception Does Not Apply. .......... 2

          b.     The Common Interest Exception Does Not Apply. ................................... 4

          c.     Plaintiff Bryan Did Not Exhaust His Claims Against the Non-RTX Defendants. ................................................................................................. 5

          d.     Plaintiffs Did Not Exhaust Claims Against Raytheon Company. ............. 6

    II.     The R&R Correctly Recommended Dismissal of the ADEA Disparate Impact Claim.......................................................................................................... 8

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Baker Botts L.L.P. v. ASARCO LLC*,
 576 U.S. 121 (2015)..................................................................................................................10

*Bright v. Le Moyne Coll.*,
 306 F. Supp. 2d 244 (N.D.N.Y. 2004).....................................................................................2, 3

*Chemimage Corp. v. Johnson & Johnson*,
 2024 WL 3758814 (S.D.N.Y. Aug. 12, 2024).........................................................................7, 8

*Christaldi-Smith v. JDJ, Inc.*,
 367 F. Supp. 2d 756 (E.D. Pa. 2005)..........................................................................................5

*Daniel v. T & M Prot. Res., Inc.*,
 992 F. Supp. 2d 302 (S.D.N.Y. 2014)........................................................................................2

*Doehler N. Am., Inc. v. Davis*,
 2023 WL 3569775 (D. Del. May 19, 2023)...............................................................................7

*EEOC v. Waffle House, Inc.*,
 534 U.S. 279 (2002)....................................................................................................................7

*Emerson v. Mezzion Int'l, LLC*,
 2021 WL 765765 (D. Del. Feb. 26, 2021).................................................................................7

*Empresa de Recuperacion v. Bemax of N.J., Inc.*,
 1992 WL 32327 (D.N.J. Feb. 3, 1992).......................................................................................4

*Glus v. G.C. Murphy Co.*
 562 F.2d 880 (3d Cir. 1977)....................................................................................................2, 5

*Griggs v. Duke Power Co.*,
 401 U.S. 424 (1971)....................................................................................................................9

*Gross v. FBL Fin. Servs., Inc.*,
 557 U.S. 167 (2009)....................................................................................................................9

*In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*,
 2010 WL 2557559 (D.N.J. June 23, 2010)................................................................................4

*Karlo v. Pittsburgh Glass Works, LLC*,
 849 F.3d 61 (3d Cir. 2017).....................................................................................................9, 10

*Kleber v. CareFusion Corp.*,
 914 F.3d 480 (7th Cir. 2019)............................................................................................8, 9, 10

*Lake v. Arnold*,
 232 F.3d 360 (3d Cir. 2000)........................................................................................................5

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Loughrin v. United States*,
    573 U.S. 351 (2014)..................................................................................................10

*McIntosh v. Cap. One Bank*,
    2024 WL 3964234 (D.N.J. Aug. 28, 2024) ...............................................................7

*Owens v. Allegheny Valley Sch.*,
    869 F. Supp. 2d 653 (W.D. Pa. 2012).........................................................................4

*Percy v. New York (Hudson Valley DDSO)*,
    264 F. Supp. 3d 574 (S.D.N.Y. 2017).........................................................................3

*Rabin v. PricewaterhouseCoopers, LLP*,
    236 F. Supp. 3d 1126 (N.D. Cal. 2017)...................................................................8, 9

*Raymond v. Spirit Aerosystems Holdings, Inc.*,
    406 F. Supp. 3d 996 (D. Kan. 2019)...........................................................................8

*Rippy v. Pub. Health Mgmt. Corp.*,
    2020 WL 832088 (E.D. Pa. Feb. 19, 2020) ................................................................6

*Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*,
    903 F.2d 243 (3d Cir. 1990)....................................................................................2, 4

*Schurgot v. SEPTA*,
    2017 WL 3226859 (E.D. Pa. July 31, 2017)...............................................................6

*Smith v. City of Jackson*,
    544 U.S. 228 (2005)..................................................................................................10

*Stanley v. City of Sanford*,
    145 S. Ct. 2058 (2025)..............................................................................................10

*Villarreal v. R.J. Reynolds Tobacco Co.*,
    839 F.3d 958 (11th Cir. 2016) ..........................................................................8, 9, 10

*White v. HB Rentals, L.C.*,
    2017 WL 1049848 (W.D. Pa. Mar. 20, 2017) ............................................................5

## Statutes

29 U.S.C. § 623..................................................................................................................9, 10

29 U.S.C. § 631.......................................................................................................................10

29 U.S.C. § 633a.....................................................................................................................10

42 U.S.C. § 2000e2...................................................................................................................9

# TABLE OF AUTHORITIES
(continued)

Page(s)

**Other Authorities**

S. Rep. No. 90-1111.................................................................................................................9

S. Rep. No. 92-415...................................................................................................................9

**Rules**

D. Del. L.R. 15.1......................................................................................................................5

Defendants respectfully submit this response to Plaintiffs' objections to Magistrate Judge Fallon's September 4, 2025 Report and Recommendation ("R&R").  D.I. 127; D.I. 129.

## INTRODUCTION

Plaintiffs challenge only the R&R's recommendations that the Court dismiss (1) Plaintiffs' claims against all Defendants other than RTX for failure to exhaust and (2) the First Amended Complaint's ("FAC") Count III disparate impact claim under the federal Age Discrimination in Employment Act ("ADEA").[1]  See D.I. 129 ("Obj.").  Plaintiffs' objections are unfounded.  The R&R properly concluded that the non-RTX Defendants should be dismissed because Plaintiffs failed to name those Defendants in any timely EEOC or state administrative charge and that no exception to the naming requirement applies.  And Magistrate Judge Fallon correctly followed the overwhelming weight of precedent in concluding that the ADEA does not provide a disparate impact claim for job applicants.  The Court should overrule Plaintiffs' objections.

## ARGUMENT

### I. The R&R Properly Recommended Dismissal of the Non-RTX Defendants.

Plaintiffs are required to exhaust their claims against each Defendant by naming that Defendant in a timely EEOC or state agency charge.  See D.I. 83 at 8 (citing cases).  The R&R correctly concluded that Plaintiffs failed to satisfy this requirement as to the non-RTX Defendants.  See R&R at 7–9.  Plaintiffs claim that this ruling is erroneous because: (1) the "common

---

[1] In a footnote, Plaintiffs cursorily object to the R&R's "denial of Plaintiffs' request to disseminate notice via method beyond mail and email" but state that the "dispute is not yet ripe."  Obj. at 1 n.1.  The Court need not address this "objection," which fails to specify the basis for Plaintiffs' disagreement with the R&R.  See D. Del. Standing Order for Objections Filed Under Fed. R. Civ. P. 72 (Mar. 7, 2022) ("Standing Order") ¶ 3.  Regardless, if the Court grants conditional certification, it should permit only mail and email notice.  Social media and text notice would be excessive, duplicative, and difficult for the reasons detailed in Defendants' opposition to Plaintiffs' certification motion.  See D.I. 108 at 18–19.  And given the R&R's recommendation that "deterred" applicants be excluded from any collective—which Plaintiffs have not challenged—these additional forms of notice are unnecessary.  See R&R at 26–27.

1

discriminatory scheme" and "common interest" exceptions to the naming requirement excuse Plaintiffs' failure to name the non-RTX Defendants; (2) Plaintiff Bryan named the non-RTX Defendants in his EEOC charges; and (3) Plaintiff Goldstein signed a tolling agreement with RTX preserving Plaintiffs' claims as to Defendant Raytheon Company. These arguments are meritless.

### a. The Common Discriminatory Scheme Exception Does Not Apply.

As Plaintiffs tacitly admit, the Third Circuit has never applied the common discriminatory scheme exception to the administrative charge naming requirement. *See* Obj. at 2–3; R&R at 10. Plaintiffs claim that Magistrate Judge Fallon nevertheless should have applied the exception because: (1) it is "consistent with" the Third Circuit's statement in *Glus v. G.C. Murphy Co.* 562 F.2d 880, 888 (3d Cir. 1977), that administrative exhaustion requirements "should be liberally construed"; and (2) a handful of out-of-Circuit district courts have recognized the exception "over four decades," sometimes citing *Glus* in support. Obj. at 2–4. But Plaintiffs overread the case law. As Magistrate Judge Fallon recognized, *Glus* detailed four factors relevant to the *common interest* exception—not the common discriminatory scheme exception. *See Glus*, 562 F.2d at 888; *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 903 F.2d 243, 252 (3d Cir. 1990) (*Glus* exception concerns "shared commonality of interest"); R&R at 10. What's more, *Glus* cautioned that "full compliance" with the EEOC charge naming requirement should "reasonably be expected" except where the four common interest factors dictate otherwise. *Glus*, 562 F.2d at 888 (district court "should evaluate the failure to name the party before the EEOC by consulting the four factors"). In other words, *Glus* cautions *against* applying any exception to the EEOC naming requirement other than the common interest exception. And while Plaintiffs reference common discriminatory scheme cases that cited *Glus*, those cases applied the four *Glus* factors only in discussing the common interest exception. *See Bright v. Le Moyne Coll.*, 306 F. Supp. 2d 244, 257 (N.D.N.Y. 2004); *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 311 (S.D.N.Y. 2014).

2

Even if it were appropriate to import the common discriminatory scheme exception into Third Circuit law, it cannot save Plaintiffs' claims against the non-RTX Defendants. As Plaintiffs' own case explains, the exception applies where the EEOC "could have inferred" from "the facts in the EEOC charge" that "the named defendant and unnamed defendant were part of a common discriminatory scheme." *Bright*, 306 F. Supp. 2d at 257. Of course, if the plaintiff "fails to make reference to the unnamed party, it follows that it would not have been possible for the EEOC to infer from the allegations in the charge that the unnamed entity was participating in a common scheme to discriminate against the plaintiff." *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 593 (S.D.N.Y. 2017); *see also Bright*, 306 F. Supp. 2d at 257 (same).

Plaintiffs' pre-amendment EEOC charges fail to name the non-RTX Defendants. Plaintiffs filed those charges against RTX (or Raytheon Technologies Corporation, RTX's prior name)—not any subsidiaries. *See* D.I. 97-3; D.I. 97-5; D.I. 97-7. The charges claim Plaintiffs were not selected for "one or more jobs" with "RTX Corporation" or "Raytheon Technologies Corporation" and make no reference to the non-RTX Defendants. D.I. 97-3 at 3; D.I. 97-5 at 4; D.I. 97-7 at 4. Plaintiffs argue that hundreds of pages of "job postings attached to" their charges "referred to" the non-RTX Defendants. Obj. at 3 n.2. But even if these voluminous exhibits can be considered, they reference only employment with "Collins Aerospace" or "Raytheon Company." *See* D.I. 97-3 at 12–102; D.I. 97-5 at 4, 16–155; D.I. 97-7 at 4, 12–115. Plaintiffs do not dispute that Collins Aerospace is not a legal entity subject to suit, *see generally* Obj., and they identify Raytheon Company incorrectly in their charges "only as a former name for RTX, as opposed to a present-day subsidiary of RTX," R&R at 9 n.9. The "Raytheon Company" named in this suit is an RTX subsidiary, not a former name for RTX, and was a separate company from RTX prior to April 2020. *See* FAC ¶¶ 22, 40, 57. Thus, the common discriminatory scheme exception does not apply.

3

### b. The Common Interest Exception Does Not Apply.

The R&R likewise correctly determined that the common interest exception is inapplicable. R&R at 11. That exception only extends to circumstances where "the unnamed party received notice *and* when there is a shared commonality of interest with the named party." *Schafer*, 903 F.2d at 252 (emphasis added). As before Magistrate Judge Fallon, Plaintiffs fail to identify any part of the FAC that alleges the non-RTX Defendants received actual notice of Plaintiffs' claims. *See* Obj. at 4; R&R at 11 n.11 ("Plaintiffs cite to 'FAC¶¶' without including any citation to the paragraphs of the FAC alleging the non-RTX Defendants received actual notice."). Instead, Plaintiffs rely on boilerplate language in the lengthy amended EEOC charges attached to the FAC, which asserts without any supporting allegations that RTX's "predecessors, successors, subsidiaries, divisions, or affiliates . . . already have notice." Obj. at 4. That is not enough.

These statements, even if incorporated into the FAC, are far too conclusory to withstand a motion to dismiss. *See, e.g.*, *Empresa de Recuperacion v. Bemax of N.J., Inc.*, 1992 WL 32327, at *3 (D.N.J. Feb. 3, 1992) (dismissing where plaintiff "merely assert[ed]" that subsidiary defendants would "[o]bviously" have "identical knowledge" despite being "separate and distinct legal entities"). What's more, the charges do not allege that the non-RTX entities received *actual* notice of their claims—constructive notice is insufficient. Obj. at 4; *see Owens v. Allegheny Valley Sch.*, 869 F. Supp. 2d 653, 659 (W.D. Pa. 2012) (unnamed party must have "*actual* notice of the EEOC complaint" (emphasis added)). Nor can Plaintiffs infer that the non-RTX Defendants received actual notice simply because Plaintiffs sent copies of their charges to RTX. *See In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*, 2010 WL 2557559, at *4 (D.N.J. June 23, 2010) ("general rule" is that "knowledge of the parent corporation is not imputed to the subsidiary corporation unless a specific nexus between them is shown" (cleaned up)).

4

Even if Plaintiffs somehow alleged that the non-RTX Defendants had actual notice of the charges, the common interest exception does not apply because Plaintiffs filed their charges with the aid of sophisticated legal counsel. *Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 763 n.3 (E.D. Pa. 2005) (exception applies only where charging party is pro se). Although some unpublished district court opinions have extended the exception to represented parties, *see* R&R at 11 n.10, those decisions improperly discount *Glus*'s teaching that the exception is necessary to aid "laymen" unfamiliar with the process of filing an administrative charge, 562 F.2d at 888. Plaintiffs' counsel are well-versed in that process, as evidenced by the numerous and lengthy administrative charges they filed on Plaintiffs' behalf.

Finally, Plaintiffs' request (at 5) for leave to amend the FAC to "add more specific allegations about how all Defendants had actual notice," should be denied for at least three reasons. *First*, Plaintiffs waived this argument because they "did not make a request for leave to amend [their] Complaint to Magistrate Judge [Fallon] in [their] response to the motion to dismiss." *White v. HB Rentals, L.C.*, 2017 WL 1049848, at *2 (W.D. Pa. Mar. 20, 2017); *see also* Standing Order at ¶ 5. *Second*, Plaintiffs failed to comply with the requirement that a party moving to amend a pleading "attach to the motion . . . [a] proposed pleading as amended, complete with a handwritten or electronic signature." D. Del. L.R. 15.1(a); *see also Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (denying amendment request). *Third*, Plaintiffs already filed one amended pleading and amended their EEOC charges but have been unable to plead facts suggesting that the non-RTX Defendants received actual notice. Amendment would therefore be futile.

### c. Plaintiff Bryan Did Not Exhaust His Claims Against the Non-RTX Defendants.

Plaintiffs argue that Plaintiff Bryan named the non-RTX Defendants in his September 2024 EEOC charge. Obj. at 5. But Magistrate Judge Fallon correctly recognized that the September 2024 charge in fact does not name *any* of the non-RTX Defendants. *See* R&R at 9 n.9. Instead,

5

the charge includes a generic reference to "any wholly owned subsidiaries and related or affiliated entities" of RTX. *See* D.I. 97-5 at 4. This sort of omnibus catchall is a far cry from the requirement that a plaintiff "specifically name" each defendant in an EEOC charge. *Rippy v. Pub. Health Mgmt. Corp.*, 2020 WL 832088, at *7 (E.D. Pa. Feb. 19, 2020). And although Bryan's September 2024 charge briefly references "Raytheon Company," it identifies Raytheon as a former name of RTX—not the present-day RTX subsidiary named in this suit. *See* D.I. 97-5 at 4; *see also* R&R at 9 n.9 (distinguishing between RTX and Defendant Raytheon Company, an RTX subsidiary).

Contrary to Plaintiffs' claims, neither Bryan's September 2024 charge nor his amended November 2024 charge are timely. *See* Obj. at 6. Both charges allege that Bryan was last rejected for a recent graduate position on May 25, 2023. *See* D.I. 97-5 at 9; D.I. 97-6 at 13. He filed his September 27, 2024 charge 491 days later and his November 12, 2024 charge 537 days later—both long after the 300-day exhaustion deadline. *See* D.I. 83 at 8 (detailing 300-day deadline). While Plaintiffs now claim that Bryan also applied for and was "denied a job" on August 12, 2024, he stated in both EEOC charges that he had "not yet heard back from Raytheon about this position." D.I. 97-5 at 9; D.I. 97-6 at 13; *see also* FAC ¶ 179. Plaintiffs thus fail to allege that Bryan accrued any claim as to that position. *See Schurgot v. SEPTA*, 2017 WL 3226859, at *4 (E.D. Pa. July 31, 2017) (claim "accrues when an applicant learns she has been passed over and other similarly qualified individuals outside her [protected] group are still being considered"). Bryan's belated charges thus cannot save his claims against the non-RTX Defendants.

### d. Plaintiffs Did Not Exhaust Claims Against Raytheon Company.

Contrary to Plaintiffs' claim (at 6), as pled in the FAC (¶ 22), Goldstein did not exhaust his claims against Defendant Raytheon Company in his 2019 EEOC charge. Although Goldstein filed the 2019 charge against "Raytheon Company," he now (incorrectly) alleges that this was a former name for present-day RTX, not the subsidiary "Raytheon Company" named here. *See* D.I. 97-9.

6

Even if Goldstein had alleged that the 2019 charge named Defendant Raytheon Company (rather than RTX under a different name), he failed to timely file suit against Raytheon Company. On April 9, 2021, the EEOC issued Goldstein a right-to-sue letter on his 2019 charge giving him "90 days . . . to file a lawsuit in a federal district court," but he did not file any suit against Defendant Raytheon Company until November 20, 2024. *See* FAC ¶ 22. Goldstein's June 2021 tolling agreement cannot excuse this untimely filing for at least two reasons.

*First*, the tolling agreement is "with RTX"—not Raytheon Company or any other non-RTX Defendant. FAC ¶ 23. Plaintiffs argue that the tolling agreement applied to Raytheon Company based on its "purpose" and "context." Obj. at 7. But only the "plain meaning" of the agreement matters. *Doehler N. Am., Inc. v. Davis*, 2023 WL 3569775, at *2 (D. Del. May 19, 2023). Goldstein entered into the agreement with Raytheon Technologies Corporation (RTX's prior name) in June 2021, which the contract defines as "Raytheon." FAC ¶ 23. The agreement nowhere references Raytheon Company or any other RTX subsidiaries. *See* D.I. 97-9. If that were not enough, a waiver of a "known right" like a statute of limitations defense must be "clearly and unmistakably established." *McIntosh v. Cap. One Bank*, 2024 WL 3964234, at *3 (D.N.J. Aug. 28, 2024). The tolling agreement "clearly and unmistakably" establishes a waiver only as to RTX.

There is no factual dispute to adjudicate here. Plaintiffs admit that a contract "cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). Nothing gleaned from discovery would change that black-letter statement of law. *See Emerson v. Mezzion Int'l, LLC*, 2021 WL 765765, at *1 (D. Del. Feb. 26, 2021) (dismissing claims at the pleading stage against a subsidiary because a contract with a parent did not bind that other entity). Plaintiffs cite *Chemimage Corp. v. Johnson & Johnson*, 2024 WL 3758814, at *3 (S.D.N.Y. Aug. 12, 2024), for the proposition that a lawyer's "direc[t] participat[ion]" in negotiating an agreement can bind a

7

subsidiary. Obj. at 7. But *Chemimage* involved a non-signatory entity that allegedly "manifest[ed] an intent to be bound by the contract." 2024 WL 3758814, at *3–4. The FAC includes no such allegations about any of the non-RTX Defendants. *See* R&R at 9.

*Second*, even if the agreement applied to Defendant Raytheon Company, Goldstein's claims were tolled only between June 6, 2021, and June 6, 2024. FAC ¶ 25. The 90-day clock continued to run between (1) his receipt of the EEOC's April 9, 2021 right-to-sue letter and commencement of tolling on June 6, 2021, and (2) the June 6, 2024 cancellation of the agreement and the naming of Raytheon Company as a Defendant on November 20, 2024. The total non-tolled period—more than seven months long—exceeds Goldstein's 90-day deadline to sue.

For all these reasons, the Court should dismiss the claims against the non-RTX Defendants.

## II. The R&R Correctly Recommended Dismissal of the ADEA Disparate Impact Claim.

Magistrate Judge Fallon is in good company in concluding that applicants cannot bring disparate impact claims under the ADEA. *See* R&R at 16. Every federal appellate court and most district courts to address the issue have come to the same conclusion. *See, e.g.*, *Kleber v. CareFusion Corp.*, 914 F.3d 480, 482–88 (7th Cir. 2019) (en banc) (joined by Barrett, J.); *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 963 (11th Cir. 2016) (en banc); *Raymond v. Spirit Aerosystems Holdings, Inc.*, 406 F. Supp. 3d 996, 1000 (D. Kan. 2019). In response, Plaintiffs cite only dissenting opinions and a single district court decision. *See* Obj. at 7–8 (citing *Rabin v. PricewaterhouseCoopers, LLP*, 236 F. Supp. 3d 1126, 1130–31 (N.D. Cal. 2017)). The Court should overrule Plaintiffs' objection and follow the "weight of authority," R&R at 17, concluding that the ADEA's text, structure, and history preclude applicant disparate impact claims.

Section 623(a)(2) of the ADEA makes it unlawful for an employer to "limit, segregate, or classify **his employees** in any way which would deprive or tend to deprive any individual of employment opportunities **or otherwise** adversely affect his **status as an employee**, because of

8

such individual's age." 29 U.S.C. § 623(a)(2) (emphases added). The "or otherwise" language "operates as a catchall: the specific items that precede it are *meant* to be subsumed by what comes after the 'or otherwise.'" *Villarreal*, 839 F.3d at 964. Plaintiffs claim "any individual" includes job applicants. Obj. at 8. But Congress sandwiched the phrase "any individual" between two references to "employees," so the deprivation of employment opportunities for "any individual" must adversely affect the individual's "status as an employee." *Villarreal*, 839 F.3d at 963–64.

Plaintiffs argue that *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), interpreted then-identical language in Title VII to encompass applicants. Despite Plaintiffs' attempt to rewrite *Griggs* as a case about applicants, Obj. at 8 (adding in parentheses "i.e., for applicants"), the "plaintiffs in *Griggs* were employees," and the opinion never "states that a non-employee applying for a job would be covered by the language in Title VII." *Villarreal*, 839 F.3d at 968. Indeed, Congress amended Title VII's disparate impact provision in 1972—the year after *Griggs*—to encompass "applicants for employment." 42 U.S.C. § 2000e2-(a)(2). There would have been "no need" for that amendment if *Griggs* had just decided the issue. *Kleber*, 914 F.3d at 486.[2] And while Congress amended Title VII in 1972 to extend disparate impact protection to job applicants, it never made similar changes to the ADEA, *id.*—a choice which must be "presumed" to be intentional, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009).

Plaintiffs next turn to a Third Circuit opinion that, like *Griggs*, says nothing about job applicants. Obj. at 8–9 (citing *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 69 (3d Cir.

---

[2] Plaintiffs quote a Senate Report stating that the addition of "applicants for employment" to Title VII was merely "declaratory of present law" as articulated by *Griggs*. Obj. at 9 n.6 (citing S. Rep. No. 92-415 at 43 (1972) and *Rabin*, 236 F. Supp. 3d at 1131). But that distorts history. The amendment to add "applicants for employment" to Title VII was first proposed in a February 1967 bill, *see* S. 1026, 90th Cong. § 306, and the Senate Report quoted by Plaintiffs was authored in 1968, *see* S. Rep. No. 90-1111, at 17. So the 1968 report could not have contemplated the 1971 *Griggs* decision.

9

2017)). They argue that *Karlo* interprets *Smith v. City of Jackson*, 544 U.S. 228, 233 (2005), to hold that disparate impact discrimination against age-based subgroups is cognizable under the ADEA. But again, *Karlo* concerned employees—not job applicants. 849 F.3d at 68. And *Smith* supports *Defendants'* reading of the ADEA, explaining that the disparate impact provision "focuses on the effects of the action on the *employee*." 544 U.S. at 236 (emphasis altered).[3]

Finally, the Court should reject Plaintiffs' last-ditch claim that the ADEA's broad "goals of eradicating age bias" support their theory. Obj. at 10 (citing *Karlo*, 849 F.3d at 74–75). The "limitations expressed in statutory terms are often the price of passage, and no statute yet known pursues its stated purpose at all costs." *Stanley v. City of Sanford*, 145 S. Ct. 2058, 2067 (2025) (cleaned up); *see also Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 135 (2015) (court should follow statutory text "even if doing so will supposedly undercut a basic objective of the statute"). Indeed, many other provisions of the ADEA expressly provide relief to job applicants. *See, e.g.*, 29 U.S.C. §§ 623(c), 623(d), 631(b), 633a(a), 633a(b)(3). Congress's decision to reference applicants in these other areas of the ADEA while omitting that language from the disparate impact provision makes clear that Congress "intended a difference in meaning." *Loughrin v. United States*, 573 U.S. 351, 358 (2014). The Court should dismiss Plaintiffs' ADEA disparate impact claim.

## **CONCLUSION**

The Court should overrule Plaintiffs' objections to the R&R.

---

[3] Justice O'Connor's concurring opinion in *Smith* is even clearer, stating that the provision "does not apply to 'applicants for employment' at all." *Smith*, 544 U.S. at 266 (O'Connor, J., concurring). And while Plaintiffs fault the R&R for citing Justice O'Connor's opinion, Obj. at 9 n.5, they principally rely on *dissents* from *Villarreal* and *Kleber*. They also ignore that, as of the 2019 *Kleber* decision (joined by then-Judge Barrett), 10 "current or former Justices have written or joined opinions describing [the ADEA's disparate impact provision] as protecting employees, not applicants." *Villarreal*, 839 F.3d at 969; *see generally Kleber*, 914 F.3d at 480.

Respectfully submitted,

OF COUNSEL:

Jason C. Schwartz*
Naima L. Farrell*
Alex Bruhn*
Samuel Z. Whipple*
Andrew G. Barron*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com
abarron@gibsondunn.com
* *Admitted Pro Hac Vice*

Date: October 2, 2025

/s/ Brian M. Rostocki
Brian M. Rostocki (#4599)
John T. Miraglia (#6682)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com
jmiraglia@reedsmith.com

*Attorneys for Defendants*