IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>          Defendants. | C.A. No. 24-cv-01169-JLH-SRF |

**[PROPOSED] SCHEDULING ORDER**

This ____ day of _____, 2025, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on October 30, 2025, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Discovery**

*Background*: Plaintiffs' First Amended Complaint ("FAC") seeks to bring collective action claims under the federal Age Discrimination in Employment Act ("ADEA") on behalf of individuals age 40 or older who applied for and were denied, or were "deterred from applying for,"

1

one or more "Recent Graduate" positions with Defendants between October 11, 2018 and the resolution of this action. FAC ¶ 188. The FAC also seeks to bring class claims under the Virginia Human Rights Act, Massachusetts Fair Employment Practices Act, and California Fair Employment and Housing Act. *Id.* ¶¶ 194–96. Defendants moved to dismiss the FAC in its entirety, D.I. 82, and Plaintiffs moved for conditional certification of their putative ADEA collective, D.I. 92. On September 4, 2025, the Court issued a Report and Recommendation ("R&R") recommending that all Defendants other than RTX Corporation and Plaintiffs' Count III ADEA disparate impact claim be dismissed. *See* D.I. 127. The R&R also recommends that the Court conditionally certify Plaintiffs' remaining ADEA claims as to a narrower collective than Plaintiffs proposed. *See id.* Plaintiffs have objected to the R&R's recommendations that Plaintiffs' ADEA disparate impact claim and the non-RTX Defendants be dismissed, while Defendants have objected to conditional certification and argued that most of Plaintiffs' other claims should also be dismissed. *See* D.I. 128; D.I. 129. Both sets of objections are fully briefed and pending before District Judge Hall.

***Plaintiffs' Proposal:*** Plaintiffs oppose phased discovery. Plaintiffs of course agree that Judge Hall's resolution of the Parties' objections to the R&R will play a significant role in determining the overall scope of the case and the relevant discovery, but oppose Defendants' proposal to engage in one-way discovery targeting the individual named plaintiffs until Judge Hall's order issues. Instead, Plaintiffs propose to begin the full, reciprocal discovery period in earnest if Judge Hall substantially adopts the R&R and to meet and confer on the differences, if any, between Judge Hall's order and the R&R as they relate to the scope of discovery. Plaintiffs do not understand Defendants to be advocating for any additional phasing of discovery beyond what is proposed below – *i.e.*, discovery into the individual named plaintiffs pending the resolution

2

of the objections to the R&R – but also oppose any additional types of phased discovery. Bifurcating individual vs. class discovery is an inherently inefficient process that begs for disputes about what discovery is "individual" vs. what is "class" or "collective" discovery, inevitably requiring Court intervention. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (describing the "overlap" between the class certification analysis and "the merits of the plaintiff's underlying claim").  Should the R&R be substantially adopted, the Court will have made the determination that Plaintiffs plausibly alleged age discrimination across numerous federal and state statutes and also met the initial "similarly situated" standard to proceed into aggregate discovery under the ADEA, and, therefore, discovery should proceed accordingly.  Plaintiffs do propose, however, to meet and confer following any Court-ordered opt-in period regarding Plaintiffs' ADEA collective action claim to assess the overall number of opt-in plaintiffs and to propose reasonable parameters regarding opt-in discovery once the size of the collective is known.

***Defendants' Proposal***:  Judge Hall's ruling on the parties' objections to the R&R will substantially impact the scope of discovery, if any, in this case.  For example, as the Court has already recognized, the parties will be unable to make "substantial progress" in developing a notice list for any conditional ADEA collective "until objections to the [R&R] are resolved." D.I. 131. Given this uncertainty, Defendants are willing to defer discovery until Judge Hall resolves the parties' objections to the R&R.  To the extent discovery proceeds now, it should be phased, with discovery by all parties limited to Plaintiffs' individual claims pending the District Court's ruling on the R&R and any class or collective discovery after the R&R ruling.  Plaintiffs will not be prejudiced by phasing discovery between individual and class claims because any delay would be immaterial. *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (granting phased discovery).  Phasing discovery in this manner would

3

promote judicial economy and potentially allow the parties and the Court to avoid burdensome and contentious class and collective discovery. Indeed, in similar cases, courts in this Circuit have often used phased discovery as a management tool. *See, e.g.*, *Gervasio v. Wawa Inc.*, 2017 WL 11581944, at *1 (D.N.J. Oct. 27, 2017) (utilizing phased discovery in class and FLSA collective case, with individual discovery proceeding first). Below, Defendants have proposed a phased schedule. Defendants have also proposed an alternative, non-phased schedule.[1]

2. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. The parties met and conferred consistent with Federal Rule of Civil Procedure 26(f) on October 22, 2025. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 30 days of the Court's initial Rule 16 scheduling and planning conference, *i.e.*, on or before December 1, 2025. If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website at http://www.ded.uscourts.gov under the "Guidelines" tab, and is incorporated herein by reference as modified by the parties' proposed supplemental ESI protocol, which the parties plan to continue to discuss, including upon the serving of discovery.

3. **Joinder of Other Parties and Amendment of Pleadings**.

*Plaintiffs' Proposal:*

All motions to join other parties, and to amend or supplement the pleadings shall be filed 45 days before the close of fact discovery. First, given Defendants' size and corporate complexity (an issue already briefed by the parties here), it would be inappropriate to set a deadline for the joinder of defendant entities before adequate discovery of Defendants' corporate structure can be

---

[1] Defendants are prepared to file a formal motion for phasing discovery if requested by the Court.

conducted.  Second, it is standard in class and collective actions like this one for additional plaintiffs to be allowed to join to assert state-law and/or federal claims for a reasonable period of time after notice issues to the federal collective, which will likely be many months from now.

***Defendants' Proposal*:** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 15, 2025.

4. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Depositions</u>.

        i. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to the number of hours of taking testimony by deposition upon oral examination as set forth in Fed. R. Civ. P. Rule 30 and the Local Rules.

***Plaintiffs' Proposal*:** Plaintiffs further propose to meet and confer regarding the scope of opt-in discovery following the closure of any Court-ordered opt-in period regarding Plaintiffs' ADEA collective action claims.

        ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or written agreement of the parties.  The parties agree to meet and confer on reasonable requests for remote depositions where appropriate.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    b. <u>Discovery Cut Off</u>.

***Plaintiffs' Proposal:*** As noted above, Plaintiffs oppose phased discovery but suggest a

5

meet and confer following the closure of any Court-approved opt-in period to assess the size of the ADEA collective action case and to determine separate parameters regarding the scope of opt-in discovery. Assuming the parties receive direction from Judge Hall's resolution of their pending objections to the R&R in relatively short order, Plaintiffs would agree with Defendants' proposal to complete fact discovery on or before August 31, 2026 (or roughly nine months from the entry of the R&R).

***Defendants' Proposal:***

*With phasing*: All discovery related to individual claims in this case shall be initiated so that it will be completed on or before April 30, 2026. The parties will submit a proposed schedule regarding any further class or collective discovery within 14 days of the District Court's resolution of the parties' objections to the R&R.

*Without phasing*: All fact discovery in this case shall be initiated so that it will be completed on or before August 31, 2026.

The Court encourages the parties to serve and respond to contention interrogatories early in the case.

   c. Disclosure of Expert Testimony.

     i. Expert Reports.

***Plaintiffs' Proposal:*** Plaintiffs agree with Defendants' non-phased proposal – *i.e.*, the deadline for the disclosure of initial expert reports would be Oct. 5, 2026, the deadline for supplemental reports would be November 9, 2026, and the deadline for replies would be Nov. 23, 2026.

***Defendants' Proposal:***

6

*With phasing*:  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of any expert testimony as to individual claims is due on or before June 11, 2026.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before July 16, 2026.  Reply expert reports from the party with the initial burden of proof are due on or before July 30, 2026.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  The parties will submit a proposed schedule regarding any further expert discovery within 14 days of the District Court's resolution of the parties' objections to the R&R.

*Without phasing*:  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 5, 2026.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 9, 2026.  Reply expert reports from the party with the initial burden of proof are due on or before November 23, 2026.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Objections to Expert Testimony</u>.  To the extent any objections to expert testimony are made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, those objections shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

7

d. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order,[2] the moving party (*i.e.*, the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference to Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Dispute."

The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested. On the date set by the Court, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case-dispositive motions which are related to discovery matters are to be addressed in accordance with this Order.

---

[2] Counsel are expected to **_verbally_** discuss the issues/concerns before seeking the Court's intervention.

5.  **Application to Court for Protective Order**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 3(d) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.  **Papers Filed Under Seal**.  When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments:  (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of

the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

7. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

8. **Interim Status Report**.

*Plaintiffs' Proposal*: Plaintiffs propose submitting a joint interim status report 15 days from Judge Hall's entry or modification of the R&R and then a Status Conference at a time convenient for the Court thereafter, ideally within two weeks. Given the complexity of this action and the significant motion practice to date, Plaintiffs further propose regular status conferences with the Court every 60 days, which may allow the Court to assist the parties in resolving issues in the discovery process without resort to formal motion practice.

*Defendants' Proposal*: On March 16, 2026, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conference**. On _____, 20\_\_, Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____, \_.m. Plaintiff's counsel shall initiate the telephone conference. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or

to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10. **Case Dispositive Motions**.

*Plaintiffs' Proposal:*

a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before Feb. 11, 2027. Briefing will be presented pursuant to the Court's Local Rules, except as may be modified during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Plaintiffs motion, if any, for Rule 23 class certification, shall be filed on or before Jan. 12, 2027.

*Defendant's Proposal:*

<u>With phasing:</u> All case dispositive motions with respect to Plaintiff's individual claims, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 20, 2026; opposition briefs shall be served and filed on or before September 17, 2026; and reply briefs shall be served and filed on or before October 1, 2026. Briefing will be presented pursuant to the Court's Local Rules, except as modified by this Order or during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

<u>Without phasing:</u> Plaintiffs' motion for class certification shall be served and filed on or before January 12, 2027. Defendant's opposition brief, as well as Defendants' motion to decertify the collective action, shall be served and filed on or before February 12, 2027. Plaintiffs' reply

11

and opposition briefs, respectively, shall be served and filed on or before March 12, 2027; and Defendants' reply brief in support of their motion to decertify the collective action shall be served and filed on or before March 26, 2027.  The parties shall submit a proposed schedule for further proceedings, including dispositive motions, within fourteen (14) days of the Court's decision on class decertification and/or decertification of the collective action.  Briefing will be presented pursuant to the Court's Local Rules, except as modified by this Order or during the scheduling conference.  If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    b. <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    c. Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a

genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        d.      The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

        e.      <u>Citations to Exhibits</u>. Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[3]

11.    **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.    **Pretrial Conference**.

*Plaintiffs' Proposal:* Plaintiffs agree with Defendants' non-phased proposal regarding the scheduling of a pretrial conference, but otherwise propose to meet and confer with Defendants to discuss other specific pretrial and trial procedures following any decision by the Court to certify Plaintiffs' Rule 23 class action claims and/or to decertify Plaintiffs' ADEA collective action claims.

*Defendants' Proposal***:**

---

[3] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

*With phasing*:  The parties will submit a proposed schedule addressing further proceedings, including a proposal for the scheduling of a pretrial conference, within 14 days of the District Court's resolution of the parties' objections to the R&R.

*Without phasing*:  The parties will submit a proposed schedule addressing further proceedings, including a proposal for the scheduling of a pretrial conference, within 14 days of the Court's ruling on Plaintiffs' motion for class certification and Defendants' motion, if necessary, for decertification of an ADEA collective.

Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.  The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

13.    **Motions *in Limine***.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)

page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14.     **Jury Instructions, Voir Dire, and Special Verdict Forms**.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

15.     **Trial**.

*Plaintiffs' Proposal:* As noted above, Plaintiffs propose to meet and confer regarding pretrial and trial procedures following the Court's determination, if any, of class certification and collective decertification **in this matter.**

*Defendants' Proposal*:

<u>With phasing</u>: The parties will submit a proposed schedule addressing further proceedings, including a proposal for the scheduling of trial, within 14 days of the District Court's resolution of the parties' objections to the R&R.

<u>Without phasing</u>: The parties will submit a proposed schedule addressing further proceedings, including a proposal for the scheduling of trial, within 14 days of the Court's ruling on Plaintiffs' motion for class certification and Defendants' motion, if necessary, for decertification of an ADEA collective.

15

16. **Amendments to the Scheduling Order**.  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

 

_____
Hon. Sherry R. Fallon
United States Magistrate Judge

**Defendants' Phased Schedule**

| Event | Date |
|---|---|
| All motions to join other parties, and to amend or supplement the pleadings | December 15, 2025 |
| Interim status report | March 16, 2026 |
| Close of fact discovery on individual claims | April 30, 2026 |
| Disclosure of expert testimony, if any, for individual claims | June 11, 2026 |
| Disclosure of rebuttal expert testimony, if any, for individual claims | July 16, 2026 |
| Disclosure of reply expert testimony | July 30, 2026 |
| Dispositive motion(s) on individual claims | August 20, 2026 |
| Dispositive motion opposition brief(s) | September 17, 2026 |
| Dispositive motion reply brief(s) | October 1, 2026 |
| Submission of proposed scheduling order, if necessary, addressing further proceedings, including class/collective discovery | 14 days after District Court's ruling on R&R |

**Defendants' Alternative, Non-Phased Schedule**

| Event | Date |
|---|---|
| | |
| All motions to join other parties, and to amend or supplement the pleadings | December 15, 2025 |
| Close of fact discovery | August 31, 2026 |
| Disclosure of expert testimony | October 5, 2026 |
| Disclosure of rebuttal expert testimony | November 9, 2026 |
| Disclosure of reply expert testimony | November 23, 2026 |
| Plaintiffs' motion for class certification | January 12, 2027 |
| Defendants' opposition to class certification<br><br>Defendants' motion for ADEA collective decertification, if necessary | February 12, 2027 |
| Plaintiffs' reply brief in support of motion for class certification<br><br>Plaintiffs' oppositions to the motion for ADEA collective decertification, if necessary | March 12, 2027 |
| Defendants' reply brief in support of motion for ADEA collective decertification, if necessary | March 26, 2027 |
| Parties' submission regarding further proceedings, including dispositive motions | 14 days following the Court's ruling on class decertification and/or collective decertification |