IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK GOLDSTEIN, DUCAMP BEAULIEU, and JOHN BRYAN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>RTX CORPORATION (f/k/a Raytheon Technologies Corporation, f/k/a Raytheon Company), RAYTHEON COMPANY (f/k/a Raytheon Intelligence & Space and Raytheon Missiles & Defense), PRATT & WHITNEY, COLLINS AEROSPACE, ROCKWELL COLLINS, INC., and ARINC INC.,<br><br>                Defendants. | C.A. No. 24-1169-JLH-SRF |

**JOINT STATUS REPORT**

Pursuant to the Court's November 7, 2025 Scheduling Order, D.I. 141, the Parties submit this Joint Status Report on the nature of the matters in issue and the progress of discovery to date. D.I. 141 at 7.

**I.    Case Summary**

For efficiency purposes, the parties provide the following brief, joint summary. Plaintiffs bring this proposed class and collective action against Defendants alleging violations of the Age Discrimination in Employment Act ("ADEA") and several state laws. Specifically, Plaintiffs allege that RTX systematically discriminates against older applicants by reserving jobs for "recent college graduates," a demographic comprised overwhelmingly of people younger than 40, and by

-1-

publishing job postings with these limitations. Defendants deny Plaintiffs' allegations and maintain that they based hiring decisions on experience and other legitimate factors, not age.

## II. Pending Motions

There are two pending motions before the Court, one of which will be fully briefed as of the date of this submission.

**Notice Issues.** Despite diligent meet and confer efforts pursuant to this Court's January 13, 2026 order, D.I. 156, the parties could not reach agreement on the full scope of collective notice procedures. Accordingly, the parties filed supplemental notice briefing on March 2, 2026, *see* D.I. 174, D.I. 177, and have filed or will file their respective response briefs today. Upon filing of the response briefs, this matter will be ripe for the Court's adjudication.

**Motion to Amend.** Consistent with the Court's December 29, 2025 order and the parties' subsequent joint extension motion, *see* D.I. 148, 154, Plaintiffs filed a Second Amended Complaint on January 20, 2026. The parties, however, were unable to reach an agreement about additional allegations that Plaintiffs sought to include. Consequently, consistent with the parties' further joint scheduling motion, on February 27, 2026, Plaintiffs moved for leave to file a Third Amended Complaint. D.I. 165, 169. Defendants' Opposition is due on March 20, 2026, and Plaintiffs' Reply is due on April 3, 2026. *See* D.I. 166 and D.I. 169.[1]

## III. Status of Discovery

Since the parties' September 25, 2025 Joint Status Report, D.I. 130, the parties have engaged in written discovery. The parties served their initial disclosures and initial discovery

---

[1] Defendants' deadline to respond to the Second or Third Amended Complaint (as the case may be) will be 21 days from the date of the Magistrate Judge's decision on Plaintiffs' motion for leave to amend. D.I. 167, 168. Defendants have reserved all rights and arguments with respect to both the Second and Third Amended Complaints. D.I. 165 at 2 n.1.

requests in December 2025.  *See* D.I. 144-147.  On February 26 and 27, respectively, Defendants and Plaintiffs served written responses and objections to those initial discovery requests.  *See* D.I. 172, 178.  Plaintiffs intend to produce responsive documents consistent with their responses and objections on a rolling basis, to be completed by April 13, 2026.  Defendants produced an initial set of documents on March 6, 2026, and intend to continue rolling productions consistent with their responses and objections.

Based on their review, Plaintiffs intend to send correspondence to Defendants identifying initial deficiencies and seeking availability to confer over custodians and a search process, consistent with the ESI stipulation ordered by the Court on February 17, 2026, D.I. 164.  Defendants deny that their responses to date are deficient but will participate in the conferral process per the Scheduling Order.  D.I. 141 at 4–5.  Defendants are simultaneously reviewing Plaintiffs' discovery responses and will initiate a conferral on any initial deficiencies.  To the extent that there are disputes regarding objections and responses to discovery requests, the parties will meet and confer in efforts to resolve those disputes without the Court's intervention.

## IV.     Case Schedule

The Court entered the initial Scheduling Order in this case on November 7, 2025, D.I. 141, which, among other things, set a fact discovery deadline of August 31, 2026.  While the parties will continue to make progress on discovery notwithstanding the pending motions, the parties agree that an extension of the existing discovery deadlines is appropriate.  In particular, the pending motion for leave to amend and any potential Rule 12 motion that follows may further inform the scope of discovery.  The notice process disputes also require resolution before notice can issue and the parties can commence opt-in discovery (discussed in more detail below).

Although the parties agree that a schedule modification is warranted, their proposals differ. Plaintiffs respectfully propose the following discovery schedule, with all deadlines following from the date that the notice period closes, to ensure that the parties will have sufficient time to complete discovery following the completion of notice and to reduce the need for additional requests for extensions. Apart from whether the close of fact discovery is a conditional or fixed date, the parties' proposals are aligned with respect to the amount of time between the remaining discovery and/or briefing events.

| Event | Current Date | Proposed Deadline |
|---|---|---|
| Close of fact discovery | August 31, 2026 | 180 days after the close of the notice period |
| Disclosure of expert testimony | October 5, 2026 | 35 days after the close of fact discovery |
| Disclosure of rebuttal expert testimony | November 9, 2026 | 35 days after the deadline for disclosure of expert testimony |
| Disclosure of reply expert testimony | November 23, 2026 | 14 days after the deadline for disclosure of rebuttal expert testimony |
| Plaintiffs' motion for class certification | January 12, 2027 | 46 days after the deadline for disclosure of reply expert testimony |
| Defendants' opposition to class certification<br><br>Defendants' motion for ADEA collective decertification | February 12, 2027 | 29 days after Plaintiffs' motion for class certification |
| Plaintiffs' reply brief in support of motion for class certification<br><br>Plaintiffs' opposition to the motion for ADEA collective decertification | March 12, 2027 | 33 days after Defendants' class certification opposition and decertification motion |
| Defendants' reply brief in support of motion for ADEA collective decertification | March 26, 2027 | 14 days after Plaintiffs' decertification opposition |

| Parties' submission regarding further proceedings, including dispositive motions | 14 days following the Court's ruling on class certification and/or collective decertification | Unchanged |
|---|---|---|
| Pretrial and trial scheduling | To be determined following the Court's ruling on class certification and/or collective decertification | Unchanged |

Defendants respectfully propose an approximately three-month extension of all discovery deadlines as follows. Plaintiffs would agree to this schedule in the alternative, should the Court prefer a discovery schedule that is not tied to the close of the notice period.

| Event | Current Date | Proposed Date |
|---|---|---|
| Close of fact discovery | August 31, 2026 | December 4, 2026 |
| Disclosure of expert testimony | October 5, 2026 | January 8, 2027 |
| Disclosure of rebuttal expert testimony | November 9, 2026 | February 12, 2027 |
| Disclosure of reply expert testimony | November 23, 2026 | February 26, 2027 |
| Plaintiffs' motion for class certification | January 12, 2027 | April 13, 2027 |
| Defendants' opposition to class certification  Defendants' motion for ADEA collective decertification | February 12, 2027 | May 12, 2027 |
| Plaintiffs' reply brief in support of motion for class certification  Plaintiffs' opposition to the motion for ADEA collective decertification | March 12, 2027 | June 14, 2027 |
| Defendants' reply brief in support of motion for ADEA collective decertification | March 26, 2027 | June 28, 2027 |
| Parties' submission regarding further proceedings, including dispositive motions | 14 days following the Court's ruling on class certification and/or collective decertification | Unchanged |

| Pretrial and trial scheduling | To be determined following the Court's ruling on class certification and/or collective decertification | Unchanged |
|---|---|---|

The parties jointly propose that, following the close of the notice period, the parties shall have a period of two weeks to meet and confer about a plan regarding opt-in discovery. If the parties reach agreement, they shall then file a joint proposed plan regarding opt-in discovery at the end of the two-week period. If the parties are unable to reach an agreement, the parties will request the Court's resolution of a discovery dispute pursuant to the Scheduling Order. D.I. 141 at 4–5.

**V.     Date for Next Status Conference**

Plaintiffs propose that the Court set a further CMC approximately 45 days after the status conference currently scheduled for March 24, 2026. Defendants defer to the Court on the appropriate timing for a next status conference.

Dated: March 16, 2026                              Respectfully submitted,

 /s/ Robert Erikson                                    /s/ John T. Miraglia
Kimberly Ann Evans (#5888)              Brian M. Rostocki (#4599)
Robert Erikson (#7099)                       John T. Miraglia (#6682)
**BLOCK & LEVITON LLP**                **REED SMITH LLP**
222 Delaware Avenue, Suite 1120      1201 Market Street, Suite 1500
Wilmington, DE 19801                         Wilmington, DE 19801
(302) 499-3601                                      (302) 778-7500
kim@blockleviton.com                       brostocki@reedsmith.com
robby@blockleviton.com                    jmiraglia@reedsmith.com

Adam T. Klein*                                     Jason C. Schwartz*
**OUTTEN & GOLDEN LLP**              Naima L. Farrell*
685 Third Avenue, 25th Floor             Alex Bruhn*
New York, NY 10017                           Samuel Z. Whipple*
(212) 245-1000                                     Andrew G. Barron*
atk@outtengolden.com                       **GIBSON, DUNN & CRUTCHER LLP**
                                                              1700 M St. N.W.

-6-

Mikael Rojas*
Pooja Shethji*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue N.W.
Washington, D.C. 20005
(202) 914-5097
mrojas@outtengolden.com
pshethji@outtengolden.com

Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(925) 557-5622
kmahar@outtengolden.com

Peter Romer-Friedman*
Patrick David Lopez*
**PETER ROMER-FRIEDMAN LAW PLLC**
1629 K Street, NW, Suite 300
Washington, DC 20006
(202) 355-6364
peter@prf-law.com
david@prf-law.com

Rebecca Rodgers*
Louis Lopez*
Samantha Wehrle*
Lauren Naylor*
**AARP FOUNDATION**
601 E Street N.W.
Washington, D.C. 20049
(202) 434-2064
rrodgers@aarp.org
llopez@aarp.org
sgerleman@aarp.org
lnaylor@aarp.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
nfarrell@gibsondunn.com
abruhn@gibsondunn.com
swhipple@gibsondunn.com
abarron@gibsondunn.com

* *Admitted Pro Hac Vice*

*Attorneys for Defendants*